June, (E. S.)                    Greene *vs.* Muse, *et al.* Lessee.

Where a conveyance had been acknowledged by husband and wife, of the wife's land, and the certificate by the justices stated, that the wife "being first privately examined by us separate and part from her husband, whether she did the same freely, voluntarily, and of her own accord, without being induced thereto by the ill usage or threats of her said husband, or fear of his displeasure, and having assured us she acknowledged the said deed freely and voluntarily, according to the act of assembly in such case lately made and provided, &c." was held not to pass the estate of the *feme covert* in the land to the grantee.

Appeal from the General Court. The appellee, (the plaintiff in the court below,) brought an action of *ejectment* for a tract of land called *Widow's Purchase*, lying in *Dorchester* county, containing 1000 acres. A case was stated for the court's opinion, which raised the question, how far the acknowledgment, as made by a *feme covert* grantor to a deed of bargain and sale, was effectual to pass her interest in the land conveyed? It was a conveyance from *Joseph Daffin*, and *Eleanor* his wife, to *Thomas Bourke*, under whom the defendant in the court below claimed, for part of the tract of land, for which the ejectment was brought.

The acknowledgment is as follows, to wit: "*Maryland*, *Dorchester* county, to wit: Be it remembered, that on the day and year above written, [1st of August 1778, the date of the deed,] personally appeared before us, the subscribers, two of the justices of the peace for the county of *Dorchester*, the above named *Joseph Daffin*, and *Elenor* his wife,

and acknowledged the within deed, and all and singular the within lands and tenements in the within deed contained, to be the right, title, interest and estate, of the within named *Thomas Bourke*, his heirs and assigns, for ever, agreeable to the true intent and meaning of the within deed; the same *Elenor*, wife of the same *Joseph Daffin*, being first privately examined by us separate and part from her husband, whether she did the same freely, voluntarily, and of her own accord, without being induced thereto by the ill usage or threats of her said husband, or for fear of his displeasure, and having assured us she acknowledged the said deed freely and voluntarily, according to the act of assembly in such case lately made and provided," &c. Which was signed by the justices. The general court at April term 1805, gave judgment on the case stated for the plaintiff, and the defendant appealed to this court, where the cause was argued by

*Bullitt* and *J. Bayly*, for the appellant, and by
*Martin* and *W. B. Martin*, for the appellee.

THE COURT of APPEALS *affirmed* the judgment of the General Court.