*Chambersburg,*
*Monday,*
Oct. 5.

## Lessee of M'INTIRE *against* WARD.

A deed by husband and wife, executed in *Baltimore* county in the state of *Maryland* where they resided, and acknowledged before two justices for that county, whose certificate was accompanied by the attestation of the clerk of the

THIS was an ejectment in the Circuit Court of *Bedford* county, tried before Mr. Justice *Yeates*, and the late Mr. Justice *Smith*, in *November* 1803.

The title to the premises in question was proved to have been in *Robert Callender* in fee simple, who, on the 7th of *June* 1773, in consideration of natural love and affection, and five shillings, granted the same to *William Neill* and *Isabella* his wife (now *Isabella M'Intire* the lessor of the plaintiff) in fee, as joint-tenants.

County Court, under *the seal of the court,* " that the persons who took the acknowledgment " were justices of the peace, and that there were no magistrates superior to them in *Balti-* " *more* county," is duly acknowledged within the act of the 24th of *February* 1770, which gives effect to acknowledgments of deeds by husband and wife, " made before any mayor " *or chief magistrate or officer* of the cities, towns or *places,* where such deeds are or shall be " made or executed, and certified under the *common or public seal* of such cities, towns *or* " *places.*"

It is not essential that the words of the act of the 24th of *February* 1770, in relation to acknowlegments by *femes covert,* should be used by the magistrate; it is sufficient if the directions of the act are substantially complied with; and therefore if it appears from the whole certificate that the contents of the deed were known to the wife, it is as effectual as if the magistrate had certified that he read or otherwise made them known to her. *Hence* if it is said that she acknowledged the premises " within mentioned" or the like, to be the right &c. of the grantee, it is good.

*Qu.* Whether it is necessary that it should appear at all on the face of the certificate, that the contents of the deed were made known to the wife?

The defendant then offered in evidence, a deed, dated 17th *February* 1779, from the said *William Neill* and *Isabella* his wife to *Samuel Todd* for the same premises, and executed in *Baltimore* where the grantors then resided. On this deed was endorsed a certificate in the following terms:

" *Baltimore* county *ss.* On the 17th day of *February* 1779, " before us the subscribers, two of the justices of the peace " for said county, came *William Neill* and *Isabella* his wife, " and acknowledged the within indenture of bargain and " sale to be their act and deed, according to the true in- " tent and meaning thereof; and the *lands and premises* " *therein mentioned* to be bargained and sold, with all and " every the appurtenances, to be the right, title, interest, " estate, and property of the within named *Samuel Todd* his " heir and assigns forever. And the said *Isabella* being by " us privately examined apart from her said husband, and " out of his hearing, acknowledged that she joined in the " execution of the within deed of bargain and sale, of her " own free and voluntary will and accord, without being " thereto compelled or induced by any fear, threats, or ill " usage of her said husband, or through fear of his displea- " sure. Acknowledged before JAMES CALHOUN, PETER " SHEPHERD."

To this was annexed a certificate of *William Gibson*, clerk of *Baltimore* county, *under the seal of the County Court*, dated the 18th *February* 1779, stating that *James Calhoun* and *Peter Shepherd*, were justices of the peace for *Baltimore* county.

A certificate from the same person was also produced, dated the 30th of *September* 1802, setting forth that the said *Calhoun* and *Shepherd* were principal magistrates and justices of the Common Pleas of *Baltimore* county, and that no superior magistrates or peace officers were in the said county in 1779.

A similar certificate was produced from *Ninian Pinkney*, clerk of the Executive Council of *Maryland*, dated the 8th of *November* 1802. The deed had been recorded in *Pennsylvania* on the 10th of *May* 1792.

The plaintiff's counsel objected to its being read, upon two grounds. 1st. That the acknowledgment had not been made before a competent officer, and was not duly certified.

1812.

Lessee of
M'Intire
*v.*
Ward.

2d. That it did not appear that the contents had been made known to the wife.

The Court overruled both objections, and admitted the deed, upon which a verdict passed for the defendant. A motion for a new trial was then made and overruled, and the defendant appealed to this Court.

*Duncan* for the appellant, urged the same objections that were taken below.

1st. The act of the 24th of *February* 1770, gives effect to acknowledgments of deeds, by husband and wife, made out of the state, only where they are made before any mayor or chief magistrate, or officer of the cities, towns, or places, where such deeds are executed, and certified under the common or public seal of such cities, towns. or places. It must be chief magistrate, or *chief officer*, and the justices of *Baltimore* county being all equal, there could be no *chief.* This is the introduction of a new power of a judicial kind, to persons out of the state, and should therefore be construed strictly. The word *place* does not include *county.* County is more extensive than *city* or *town;* and where things of inferior rank are particularized, and then a general term is used, the general term does not include things of a higher nature. The acknowledgment must also be certified as well as made; certified under the public seal of the city, town, or *place.* The person who takes the acknowledgment, must certify. Here the certificate is by a stranger, not under the public seal of the *place*, even if county is included by *place*, but under the seal of a court.

2d. But the contents must be made known to the wife. In the *Lessee of Watson* v. *Bailey* (a), the court disregarded the acknowledgment, because it did not pursue the requisitions of the act. Making known the contents is essential. The wife may be deceived. It is the duty of the magistrate to inform her, and it should appear that he did. It does not appear here that she knew what lands she was conveying.

*Brown* and *Watts* contra.

1st. The words are mayor, chief magistrate or officer, not

(a) 1 *Binn.* 470.

*chief officer.* Mayor refers to city, chief magistrate to town, officer to any place, which includes county; it can mean nothing else, for we know no other municipal divisions of the smaller kind. It was well known to the legislature that there were many places, where there was no mayor or chief magistrate; and it was their intention to facilitate acknowledgments out of the state. It is sufficient if the officer has no superior. *Baltimore* was not incorporated at the date of this acknowledgment; there was of course no chief officer but a justice of the peace, and no public seal of the county, but the seal of the County Court. That is the public seal of the county for judicial purposes. It gives all the authenticity to the act that the law requires, and is duly annexed.

2d. It is sufficient that it appears that the wife knew the contents, not that the officer made them known to her. Here she acknowledged the lands *mentioned in the deed* to be bargained and sold, to be the right of the grantee. She therefore must have known what lands are mentioned in the deed, and to whom they were conveyed. *Watson's Lessee* v. *Bailey,* was a very different case. There the wife did not state that she had voluntarily consented to the deed, which it was the principal if not exclusive object of an acknowledgment to ascertain.

TILGHMAN C. J. This case depends upon the acknowledgment of a deed made by the lessor of the plaintiff *Isabella M'Intire,* and her former husband *William Neill,* on the 17th of *February* 1779, whereby the lands claimed in the ejectment were conveyed to *Samuel Todd* in fee. The deed was executed in *Baltimore* county in the state of *Maryland,* where *Neill* and his wife then resided, and acknowledged before *James Calhoun* and *Peter Shepherd,* two of the justices of the peace for the said county of *Baltimore.* At that time, the town of *Baltimore* was not incorporated, and the only magistrates of the county were justices of the peace, who were all of equal dignity, and were judges of the County Court. A certificate was produced from *William Gibson,* clerk of the County Court, under the seal of the Court, declaring that *Calhoun* and *Shepherd* were justices of the peace, and that there were no magistrates superior to them in the county of *Baltimore.* Two objections are made to the acknowledg-

1812.

Lessee of
M'INTIRE
*v.*
WARD.

ment of this deed. 1st. That the justices of the peace had no power to take it under the act of assembly of the 24th of *February* 1770. 2d. That if they had power, it is not taken in the manner prescribed in the act.

1. The third section of the act permits deeds made by husband and wife, not residing within the province, to be acknowledged before " any mayor or chief magistrate, or " officer of the cities, towns, or *places*, where such deeds or " conveyances are or shall be made or executed," and directs that " such acknowledgment shall be certified under the " common or public seal of such cities, towns, or places." The law had in view cities and towns, in which there was a mayor or chief magistrate, and places, not cities or towns, in which there were civil officers concerned in the administration of justice. Such a *place* I take a county to be, which although not strictly a body corporate, is something in the nature of one, being bounded by certain limits, within which the justices of the peace have jurisdiction. It was the intention of the law to facilitate conveyances of land by persons living out of the then province. There was at that time but one city (*Annapolis*) in the adjoining province of *Maryland*, and I believe not more than two in *New York;* and it cannot be supposed that our legislature intended to subject all persons executing conveyances, to the trouble of going to a city to make their acknowledgments. Indeed unless we understand the word *places* in the manner I have mentioned, I know not what meaning to affix to it. But a difficulty still remains. This acknowledgment was not made before the chief magistrate or chief officer, for I agree that the word *chief* is to be applied to officers as well as magistrates. If there had been a chief magistrate, or officer in *Baltimore* county, and this deed had not been acknowledged before him, the objection would have been fatal. But where several are equal, there can be no chief. In such case a literal compliance with the law is impossible, but its meaning is satisfied, when the person who takes the acknowledgment has no superior. It has been also objected that the acknowledgment is not certified under the public seal as the law directs. It is true the justices do not say that they have caused the seal of the County Court to be affixed, because this was out of their power. The seal is not intrusted to their cus-

tody, but to that of the clerk. The certificate of the justice is however accompanied with the public seal, which is affixed in the only manner the nature of the case admits, and carries with it all that credit which the seal can confer. It appears to me therefore that there is no weight in this objection.

2. The second point respects the form of the certificate of acknowledgment. The act directs (*sect.* 2,) that the person taking the acknowledgment, " shall read to the wife, or other- " wise make known to her the full contents of the deed," and this, it is said has been omitted, or at least does not appear to have been done. In support of this objection is cited the case of *Watson and wife* v. *Bailey*, 1 *Binn.* 470. I gave no opinion on that case, because I had decided it in the Circuit Court, where my opinion was agreeable to that of the Supreme Court. It was a case very unlike the present; for it did not appear by the certificate of acknowledgment, that the wife declared that she had executed the deed voluntarily. It was only said that she acknowledged the deed, and was examined separate and apart from the husband. This was a defect too glaring to be got over. I do not think it necessary to decide at present, whether it should appear on the face of the certificate, that the contents of the deed were made known to the wife; and I desire it to be understood, that I do not consider that point as having been determined in *Watson* v. *Bailey*. But supposing it to be so, it is enough if it in any manner appears. No particular form is necessary. The words of the act need not be used, if its directions are substantially complied with. This Court would be departing from the line of its duty, if it were studious to avoid conveyances, by objections founded merely upon form. Now it is certified in this case, that the wife " acknowledged the " indenture of bargain and sale to be her act and deed, ac- " cording to its true intent and meaning, and the land and " premises therein mentioned to be bargained and sold, with " all and every the appurtenances, to be the right, title, in- " terest, estate and property, of the within named *Samuel* " *Todd* his heirs and assigns for ever." She knew then that the land was conveyed to *Todd* in fee simple, which is the essential part of the deed, and it may be fairly presumed that this was communicated to her by the justices who took

1812.

Lessee of
M'INTIRE
*v.*
WARD.

her acknowledgment, although I do not conceive that to be material, provided it appears that she had the knowledge. But it is said that it does not appear she knew what the lands were which were included in the deed. This is a severity of criticism, which I confess seemed to me to be unnecessary. When the justices certify that she acknowledged the lands *within mentioned* to be the right &c. of the grantee, it may be reasonably presumed that the lands were particularly mentioned at the time of taking the acknowledgment, although they are not particularly mentioned in the certificate. Considering the whole of this certificate then, it sufficiently appears, that the contents of the deed were known to her. I am therefore of opinion, that the Circuit Court was right in permitting the deed to be read in evidence, and that the judgment should be affirmed.

YEATES J. gave no opinion, having already decided in favour of the acknowledgment below.

BRACKENRIDGE J. When this point came before me at a Circuit Court in *Bedford* county, I did not consider myself at full liberty to say what the construction ought originally to have been, because I had a knowledge of what had been done in taking acknowledgments, that the words of the act had not in all cases been strictly pursued, or at least set forth in the certificate of those who took acknowledgments, so that estates might be shaken, some deviation appearing, or even some substantial defect in the recital. And in fact it did not appear to me, but that it might be sufficient to set forth that the acknowledgment had been taken; it being presumable that all things had been done according to the requisite of the acts, and that in this case the *omnia rite et solemniter acta* might be presumed. But in the case of *Watson* v. *Bailey*, it being decided that the words of the act of assembly must be substantially set forth, as having been pursued in the examination of the justice or other person taking the acknowledgment, I do not think myself at liberty now to depart from it; and I am not able to say that the not having certified that the contents were made known, is not a substantial defect in this acknowledgment which we have before us. The examining apart and inquiring as to the being free and

voluntary in the act, was with a view to save against compulsion, the making known the contents is equally necessary to preserve from imposition by the subscription of a different writing.

Much less am I able to say, taking up this case upon original grounds, as we are at liberty to do, it being a point *primæ impressionis*, that the acknowledgment has been before those authorised to take it, or that it has been certified in the form and under the solemnities by law required. I construe the law, *chief officer* of the place; the mayor, chief magistrate, or chief officer of the place. There is an elipsis in the language, and after or, *chief* must be supplied. It will then read, mayor, chief magistrate or chief officer. For there is the same reason that chief be applied to officer, as to magistrate, or more; for it will avoid the taking by a very subordinate officer in some judicial station. Nor do I think the word can be applied but to some place of which there is a common seal, and an officer entrusted with it, in whose custody it is, or who has a right to use it. It behoves the party to come into the state to have the deed executed, or to have the deed executed where there is such an officer, with the custody and the right to use such a public or common seal. The act has no reference to a certificate under seal, that such a person taking an acknowledgment was an officer or chief officer. It must carry its *own evidence with it, that he was a chief officer, by having the custody of it, and the right to use it.* On these grounds I am of opinion, that the judgment of the Circuit Court be reversed.

Judgment affirmed.