## Case No. 13,730.

### TALBOT v. SIMPSON.

[Pet. C. C. 188.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1815.

DEEDS—RECORD—EFFECT OF—CERTIFICATE OF EXECUTION—FEME COVERT—CONSTRUCTION OF STATUTES.

1. Ejectment for a tract of land in York county, Pennsylvania. The recording of a deed, in the proper office, is prima facie evidence, and no more, that the deed was regularly proved and admitted of record.

[Cited in Longworth v. Close, Case No. 8,489.]

2. The commission of a justice of the peace, and judge of the court of common pleas, is conclusive evidence of his appointment.

3. The form of the certificate, of the execution, and acknowledgment of a deed by a feme covert, is in conformity with the law of Pennsylvania; if it appear by the certificate, that the directions of the act of assembly are substantially complied with.

[Cited in Hughes v. Lane, 11 Ill. 129; Chauvin v. Wagner, 18 Mo. 545. Cited in brief in Kavanaugh v. Day, 10 R. I. 395.]

---

[2] The following note of that case was handed to the court: "John Hannah v. Thomas Lee. Court of Appeals, June term, 1804. In this case, the court of appeals, concur with the general court, and therefore affirm the judgment. As a general proposition, they think the law declared in this direction, correct, but they are of opinion that the general rule admits of exceptions, and that if the evidence offered on the part of the plaintiff was credited by the jury, it brought the plaintiff's case within one of the exceptions to the general rule. In the case of a continuing contract, as the original contract proved between the parties, if that contract had not been waived, and a new one proposed and acceded to, the plaintiff could not support general indebitatus assumpsit, but if the waiver of the original contract had appeared to the jury, and the second contract set up had been proved to their satisfaction, to wit, the covering in of the house, we should have been of opinion, that after the completion of such second contract by the plaintiff, (if that was the case,) the plaintiff might well have supported his general indebitatus assumpsit."

[1] [Reported by Richard Peters, Jr., Esq.]

4. The rules for the construction of statutes, are the same in courts of law as in courts of equity.

This was an ejectment to recover a tract of land, lying in York county. The title to the land was admitted to have been in Elizabeth Simpson, on or before the 25th of September, 1783; on which day, she and her husband, Michael Simpson, executed a conveyance of it in fee, to James Burd; who, on the same day, reconveyed the same to the said Michael Simpson, and to his wife, and to the survivor of them, and to the heirs of the survivor. The plaintiffs claim, as the heirs at law of Elizabeth Simpson, and the defendants, as the heirs of Michael, the husband.

It was objected by the plaintiffs [lessees of Talbot and others], to the reading of the deed from Simpson and wife to James Burd, that William Mitchell, before whom it was acknowledged, in order to its being recorded, ought to have been proved to have been a justice of the court of common pleas for York county; although he states himself to be a justice of that court in the certificate on the deed. The law, which was in force at the time the deed was acknowledged, requires, that the judge receiving the probate, and taking the examination of a feme covert, should be a justice of the court of common pleas, or of the superior courts. 1 Laws Pa. (Dall. Ed.) 536; Id. Append. 58; Const. Pa. 1776, §§ 20, 21, 26, 30; 1 Laws Pa. (Dall. Ed.) 176, 778.

For the defendant, who claims under the deed, it was contended, that the deed being recorded by an officer appointed for that purpose, the regularity of the probate, cannot be in enquired into collaterally, but the record is conclusive, that all things were regularly done. The recorder acts judicially, and not ministerially. Purd. Dig. 90; Act May 28, 1715.

On the other side, it was denied that the recorder is a judicial officer. 2 Bin. 40.

THE COURT decided, that the recording of a deed is prima facie evidence and no more, that the deed was legally proved and admitted to record.

To do away the presumption in favour of the regularity of the probate and recording, the plaintiff read a certificate from the secretary of state's office, dated March, 1782, stating, that Mr. Mitchell was elected a justice of peace for the county of York, and duly commissioned as such. To repel this evidence, the defendant produced a regular commission, dated in 1779, in which William Mitchell is stated to have been duly elected a justice of the peace; appointing him to execute all the duties, &c. of a justice of the peace, in the court of common pleas, orphans' court, or elsewhere, in the county of York.

THE COURT decided, that this commission was conclusive to prove William Mitchell to have been a justice of the common pleas for York county; and the deed was consequently read in evidence.

The jury found a special verdict, and submitted a single point to the court; which was, whether the deed from Simpson and wife, was sufficient to pass the fee simple interest of the wife, in the land in question.

It was contended by B. Tilghman and Duncan for plaintiffs; that this deed was insufficient to pass the right of Elizabeth Simpson, because the certificate of the justice does not state; 1st, that the contents of the deed were made known to her by the justice; 2d, that it does not state, that she acknowledged and executed the same, after her privy examination.

The certificate is in the following words, viz. "The said Michael Simpson and Elizabeth his wife, came before the subscriber, William Mitchell, a justice of the court of common pleas, for the county of York, and acknowledged the within indenture, to be their act and deed, and desired that the same may be recorded as such; the said Elizabeth being by me separately and apart, examined from her husband, she being of full age; 'knowing the contents, and freely consenting thereunto.'" The plaintiffs' counsel cited 1 Dall. Laws Pa. 535; 1 W. Bl. 264; [Davey v. Turner] 1 Dall. [1 U. S.] 11; [Swift v. Hawkins] Id. 17; 1 Bl. Comm. 442; 2 Inst. 514, 515; 1 Burrows, 470; 2 Burrows, 341; 5 Burrows, 296; 1 Term R. 728; Pow. Dev. 129; 3 Har. & McH. 430; Laws Md. p. 1715, c. 47, § 10; 11 Mod. 150; [Priestman v. U. S.] 4 Dall. [4 U. S.] 31, note; [Wilson v. Mason] 1 Cranch [5 U. S.] 97, 98.

Huston & Watt, in support of deed, cited 3 Har. & McH. 581; 6 Bin. 438; 1 Atk. 139.

WASHINGTON, Circuit Justice. The only question, which the special verdict submits to the opinion of the court, is, whether the deed from Simpson and wife, to James Burd, is sufficient to pass the estate of the wife, in the land therein mentioned; the same having belonged to her, at the time of her intermarriage with her said husband. It was admitted, that the conveyance was made, for the purpose of enabling Simpson and wife to receive a reconveyance of the land; which was accordingly executed on the same day, to them, and to the survivor in fee.

The objection to the validity of this deed, to divest Elizabeth Simpson of her estate in the land, is, that the certificate of the justice, who took the examination and acknowledgment of the wife, does not conform to the act of assembly of this state, of the 24th of February, 1770 [1 Smith's Laws, p. 307]. If the opinion of the court should be against the validity of the deed, then judgment must be entered for the lessor of the plaintiff; if otherwise, then for the defendant. The defects alleged against the certificate, are; that it does not state, 1st, that the justice communicated to the wife, the

contents of the deed; and 2dly, that she freely and voluntarily acknowledged the deed, separate, and apart, from her husband.

The act of assembly, of the 24th of February, 1770, directs, "that the husband and wife, having executed the deed, shall appear before one of the justices of the supreme court, or before any justice of the county court of common pleas, for the county where the lands lay, and acknowledge the said deed; which judge or justice shall, and he is authorised and required, to take such acknowledgment; in doing whereof, he shall examine the wife, separate, and apart from her husband, and shall read, or otherwise make known to her, the full contents of such deed; and if, upon such separate examination, she shall declare, that she did, voluntarily and of her own free will and accord, seal, and as her act and deed deliver, the said deed, without any coercion, &c. of her husband," then such deed is declared to be valid in law, in like manner, as if the said wife had been sole.

Both the questions arising in this cause, appear to have been settled in the supreme court of this state, upon great deliberation. We have attentively considered the cases of McIntire's Lessee v. Ward, 5 Bin. 296, and Shaller v. Brand, 6 Bin. 435, and feel no hesitation in declaring our entire approbation of the fundamental principle upon which they are both decided. That principle is, that the form of the certificate is immaterial, provided the directions of the law, are substantially complied with; and what are they? That the wife should freely and voluntarily acknowledge the execution of the deed, by which she parts with her estate and interest in land, having a full knowledge of the contents of the same; and, that the magistrate should satisfy himself, upon these points, by examining her apart from her husband.

The enquiry then is, does it sufficiently appear, by this certificate, that these directions have been complied with? It is stated, that the wife acknowledged the deed to be her act and deed; that she knew the contents of it, and that she freely consented thereto; she being examined separate and apart from her husband. From the phraseology of this certificate, it would appear, that the acknowledgment of the wife was made; her knowledge of the contents of the deed ascertained; and her free consent expressed, during her examination apart from her husband. It would seem to be perfectly reasonable to construe the sentence distributively, that is to say; that the husband acknowledged the deed to be his act; and also, that the wife made the same acknowledgment, she being examined separate and apart from her husband. But even if a stricter construction were adopted, so as to compel the court to say, that her acknowledgment was made in the presence

of her husband; still her subsequent privy acknowledgment to the justice, that she had done it freely, or to use the precise words of the certificate, "that she consented thereto;" would, to every intent and purpose, and within the obvious spirit and meaning of the law, amount to an acknowledgment of the deed, apart from her husband. It would be a free and voluntary ratification, in the absence of her husband, of an act done in his presence.

As to her knowledge of the contents of the deed, it is manifest, that unless the magistrate made them known to her, or she to him, he has certified a falsehood, for he states it as a fact, that she knew the contents; which he could not truly certify, unless he had in some way, satisfied himself, that she did know them. And of what importance would it be, whether she obtained this knowledge from the magistrate, from her own examination of the deed, or even from the information of her husband, if the fact certified be true, that she knew the contents? This case is much stronger, as to this point, in favour of the deed, than the case of M'Intire v. Wood [Case No. 8,825], in which the same point was decided; and it is precisely the same, as the case of Shaller v. Brand [supra], in which the other point was decided.

An attempt was made, and ingeniously supported by the plaintiff's counsel, to weaken the authority of these cases in this court; by distinguishing between voluntary deeds, and deeds to bona fide purchasers without notice. The argument was, that a court of chancery will, in the latter case, go far to supply the defective execution of powers, whilst it refuses to afford any aid, in the former case; and, that as the courts in this state, exercise a mixed jurisdiction of law and equity, the judges have been influenced in their decisions, in the cases that were cited, by the above rule of the court of chancery. This argument admits of many answers. The first is, that the judges do not in their opinions, rely upon any such distinctions, as the counsel have mentioned; and in the next place, it would be inapplicable to one of the cases, that of Watson v. Bailey, 1 Bin. 470, in which the general principle was laid down, by which that and the subsequent cases were decided. But lastly, the principle decided in all the cases, depends upon the construction of a law, the rules for which, are the same in courts of equity as in courts of law. Judgment for defendant.

NOTE. The commission to William Mitchell, produced in the above case, was under the great seal of the supreme executive council, dated the 10th of June, 1771; and appointed him a justice of the peace; "to execute and do all the acts and things, which any justice of the peace, in the county aforesaid, by the general commission assigned, lawfully can, may, or ought to do; both in the courts of common pleas, orphans' court and elsewhere; as fully as if his name, amongst others, the justices in the

said general commission nominated, had been particularly inserted."

The commission was admitted to be duly executed, and authenticated according to law; but it was insisted. that it did not constitute him a justice of the court of common pleas; but that he ought to have had a separate commission for that office; and to prove this, two commissions, to some other persons, as a justice of the peace, and as a justice of the court of common pleas, were produced.

The court decided the evidence to be sufficient, as the commission clearly constituted him a justice of the court of common pleas, and it was for the executive council to establish such forms of commissions, as to that body might seem right.

To this opinion, an exception was taken, by the plaintiff's counsel, but no writ of error was prosecuted.

Judgment for the defendant.