## O'FERRALL *v.* SIMPLOT.

In an action at law, by a widow, for dower, a material omission in a certificate of acknowledgement, cannot be supplied by parole proof.

The form of acknowledgement used in 1840, not to be regarded as a construction of the Statute, approved January 4, 1840, under authority of *Jackson* v. *Gumaer*, 2 Cow., 552.

A certificate of acknowledgement, by a *feme covert*, under the Statute of 1840, which does not state that she was made acquainted with the contents of the deed, nor that she relinquished her dower, is fatally defective, and will not pass her estate.

### *Appeal from Dubuque District Court.*

*Opinion by* Greene, J.   Action for right of dower to a lot in Dubuque, commenced by Jane B. O'Ferrall against John Simplot.   It appears that F. K. O'Ferrall, the husband of the plaintiff, entered the lot in question at the United States land office, April 3, 1840, and in October, following, sold the lot to C. E. Harbison, who subsequently conveyed the same to Simplot.   Jane joined in the deed with her husband to Harbison, but claims that her rights were not divested by that conveyance, in consequence of the defective character of the certificate of acknowledgement.   That is the only question involved under her demurrer to defendant's answer, which demurrer was overruled by the court below, and therefore she appealed.   She claims that she never relinquished her dower; that the law in force which authorized dower to be relinquished, and provided the manner in which it should be done, was not complied with. The statute in force at the time was that of 1840, p. 38, § § 20 to 23.

Section twenty merely provides that the wife must join with her husband in the conveyance, acknowledge it, and that the acknowledgement must be certified to, &c.

By section twenty-one she must be personally known to

the certifying officer, or proved by one creditable witness to be the person whose name is subscribed to the conveyance ; she must be made acquainted with the contents of the conveyance, and acknowledge, on an examination apart from her husband, that she executed the same, and relinquished her dower to the real estate therein mentioned, freely and without compulsion or undue influence of her husband.

Section twenty-three provides as follows : " The certificate of relinquishment shall set forth that such married woman was personally known to at least one judge of the court, or to the officer taking the same, to be the person whose name is subscribed to such conveyance, or was proved to be such by at least one witness, whose name shall be inserted in the certificate ; that she was made acquainted with the contents of such conveyance, and acknowledged, on an examination apart from her husband, that she executed the same, and relinquished her dower to the real estate, therein mentioned freely and without compulsion or undue influence of her husband."

The certificate in this case, it will be observed, does not conform to the requirements of this section.   It is in these words :

" TERRITORY OF IOWA,  }
    County of Dubuque.  }

" This day, came before me, George L. Nightingale, a justice of the peace in and for said county, Francis Kelly O'Ferrall and Jane B. O'Ferrall, his wife, both of whom are personally known to me to be the identical persons whose names are affixed to the foregoing instrument of writing, and acknowledged having signed the same for the purposes therein mentioned ; and I further certify that, having examined the said Jane B. O'Ferrall separately and apart from her husband, she acknowledged to me that she signed said instrument of writing of her own free will, and without any compulsion from her husband.   Given under my hand, this 29th October, A. D., 1840.

GEORGE L. NIGHTINGALE, J. P."

Here are two material omissions. The certificate does not state, in any form, that the wife *was made acquainted with the contents of the conveyance*, nor does it state that she *relinquished her dower to the real estate therein mentioned*. In all other particulars the law is substantially complied with. It is conceded that the certificate is substantially defective, but it is claimed that the omissions may be supplied by parole proof. If they were the result of *accident, mistake* or *fraud*, and if this proceeding was in equity, there would be some foundation for parole proof. In such cases only will courts of equity admit such evidence to qualify and correct written instruments. Story's Eq. Jr., § 1531.

But a certificate of acknowledgement is something more than a written instrument. It is the evidence required by law, of the execution and acknowledgement of a written instrument of the highest order. Can such evidence, can the requirements of law, be thus qualified and corrected, even in a court of equity?

In support of this certificate, it is urged that the form of certificate used in this case, was that commonly in use, and was supposed to be sufficient in the territory of Iowa. There was then a design in this form of acknowledgement. It was adopted because it was thought to be commonly in use. How then can it be pretended that there was accident or mistake in preparing the certificate, when the form "commonly in use" was observed, without deviation or omission? The argument tells us that the mistake consists in the jus tice, and in his not understanding the law of January, 1840. in relation to such certificates. Ignorance of the law will hardly be recognized as one of those mistakes which a court of equity will correct. *Ignorantia juris non excusat.*

The statute in force at the time of this acknowledgement, —like the statutes of other states upon the same subject,— not only requires certain facts to be acknowledged, but it requires those facts to appear in the certificate. The latter is as imperative, and would seem to be as essential as the

O'Ferrall v. Simplot.

former, to the validity of the wife's relinquishment of dower. Not only the *facts* that the contents of the deed were made known to the wife, and that she thereupon relinquished her dower to the real estate described, are essential; but it is equally important that those facts be recorded in the certificate, in order to make the deed effectual to pass the estate of a *feme covert*. This estate is vested in her at common law, in part remuneration for the disabilities growing out of coverture. As a *feme covert*, her legal identity is merged into that of her husband, and in general she can do no act that is binding. Her contracts are not only voidable, but generally absolutely void. Being, by the law, so completely divested of power, and almost of individuality, the wife's contingent rights should not be cut off without, at least, a substantial compliance with the formalities which the law has provided to protect her against imposition and fraud. We would not go so far as some courts have done, and say that these requirements should be strictly and literally complied with, but we cannot under the law and the entire current of authorities, avoid the conclusion, that they should be substantially observed, in order to divest the wife's dower, and that a material defect or omission in the certificate cannot be supplied by parole testimony.

The authorities upon this point appear to be in a uniform current, and without deviation. In *Elliott* v. *Piersol*, 1 Peters, 338, it is expressly decided that the privy examination and acknowledgement of a deed by a *feme covert*, cannot be legally proved by parole testimony, so as to pass or convey her estate. In *Jourdan* v. *Jourdan*, 9 Serg. & Rawl., 268, it is decided : That when a deed executed by a married woman is void, parole evidence is inadmissible, to show that after her husband's death she delivered and ratified it. See also *Barnet* v. *Barnet*, 15 Serg. & R., 73; *Watson's Lessee* v. *Bailey*, 1 Binny, 470 ; *Elliott* v. *Piersoll*, 1 McLean, 11 ; *Jamison* v. *Jamison*, 3 Wharton, 457 ; *McFarland* v. *Febiger*, 6 Ohio, 337 ; ib., 136 ; *Carr* v.

*Williams*, 10 ib., 305 ; *Silliman* v. *Cummins*, 13 ib., 116 ; *Hayden* v. *Westcott*, 11 Conn., 129 ; *Martin* v. *Dwelly*, 6 Wend., 1.

But it is contended that the form adopted in this case was in very common use, and therefore it should be regarded as a construction of the statute. This argument has no foundation, either in fact or in reason. As the act had not been in force a year prior to the date of the acknowledgement, a general use or custom could not have existed under the act. Besides, there is no question of construction involved in the case. The requirements of the law are explicit, and free from ambiguity. And the certificate in this case entirely omits two of the most important requirements. Hence this case has no analogy to that of *Jackson* v. *Gumaer*, 2 Cowen, 552. The New York statute required the certificate to show that the officer taking the acknowledgement, either knew personally, or had satisfactory proof that the person making the acknowledgement, " is the person described in, and who has executed the conveyance. " The certificate in *Jackson* v. *Gumaer*, described the person as being " *to me known.*" Thus, in substance, complying with the statute, under the aid of long established usage, which the court say, " may perhaps amount to a construction of the act ; " and the certificate was held to be sufficient. But if the words " *to me known*," or words of like import, had not been in the certificate, it is obvious that the court would have pronounced it insufficient to pass the wife's estate.

In the certificate under consideration, the two most important facts and requirements, for the protection of the wife, are entirely omitted. It does not in any way intimate that *the wife was made acquainted with the contents of the deed*, nor that *she relinquished her dower.* We are not furnished, by the certificate, with the slightest foundation, even for an inference, that either was done. Believing, as we do, that the purchaser acted in good faith ; that he paid in full for the lot, and was justly entitled to a perfect title,

we would gladly decide the case in his favor, if the deed, in connection with the law and authorities, would justify such a decision.

The case in 2 Cowen, upon which so much reliance is placed by counsel for appellee, cannot, as we have already shown, justify the certificate. And the cases of *Chestnut* v. *Shane's Lessee*, 16 Ohio, 599 ; and *Ruffner* v. *McLenan*, ib., 639, were under a different statute from ours. In those cases, it was held that the laws of Ohio did not require the officer to state, in his certificate, that the contents were made known ; and that the court would presume that the officer did his duty. But the statute of Iowa imperatively required that the certificate should show that fact.

It has been repeatedly decided in Pennsylvania, that an omission to state that the contents were made known, is fatal. *Fowler* v. *McClure*, 6 Serg. & R. 143 ; *Steele* v. *Thompson*, 14 ib., 84 ; *Watson's Lessee* v. *Bailey*, 1 Binny, 470.

In *Garnett* v. *Stockton*, 7 Humphrey, 84, it was held that an omission to state in the certificate of acknowledgement, that the party acknowleding, was personally known to the officer, is fatal to the transfer of dower. See also *Stevens* v. *Owen*, 12 Shep., 94 ; *McFarland* v. *Febiger*, 6 Ohio, 337 ; *O'Connell* v. *O'Connel*, ib., 142; *Catlin* v. *Ware*, 9 Mass., 218 and note a ; *Lufkin* v. *Curtis*, 13 Mass., 223 ; *Shepard* v. *Wardell*, Coxe, N. J., 452 ; *Raverty* v. *Fudge*, 3 McLean, 230, 245 ; *Percy* v. *Calhoun*, 8 Humph., 551 ; *Clark* v. *Redman*, 1 Blackf., 379 ; *Corporation* v. *Hammond*, 1 Har. & J., 921; *Heath* v. *Guardian* ib., 751 ; *Green* v. *Muse*, 2 Har. & J., 62 ; *Mariner* v. *Saunders*, 5 Gillman, 113 ; *Hughes* v. *Lane*, 11 Ill., 123; *Mason* v. *Brock*, 12 ib. 271. It would seem useless to multiply authorities upon a doctrine so uniformly conceded by the books. They all justify the conclusion that a deed so defectively acknowledged, by a *feme covert*, as is the deed under consideration, carries its own condemnation upon its face, and cannot operate as a bar to the wife's dower. Hence it follows that the court below erred

in overruling the demurrer to defendant's answer, not only in this case, but in the cases against B. J. O'Halloran, T. and C. O'Donnell and S. C. Tirrnan.

