# Hornbeck et ux. *versus* Mutual Building and Loan Association of Elizabeth.

A certificate of acknowledgment of a mortgage by a married woman stated the separate examination of the wife, and that she signed, sealed and delivered the same without any coercion or compulsion of her husband, but instead of reciting that the contents were made known to her, stated, "the contents of said indenture being first made fully to her," omitting the word "known." *Held*, that this was a substantial compliance with the requirements of the Act of Assembly, and was sufficient.

November 11th 1878.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.    WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 131.

Scire facias sur mortgage, given by G. H. Hornbeck and wife to tne Mutual Building and Loan Association of Elizabeth.

Hornbeck and wife executed and delivered a mortgage on the property of Mrs. Hornbeck to secure the payment by her husband to said association, of $2000 in weekly instalments, dues on ten shares of the capital stock of the association, and such fines as might be imposed thereon.    Suit was subsequently brought on the mortgage.    The acknowledgment of the mortgage was taken by a notary. The certificate did not set forth that the contents were made "known" to Mrs. Hornbeck, the word *known* being omitted therefrom, and at the trial, when the mortgage was offered in evidence, it was objected to for that reason.    The court, White, J., however, overruled the objection and allowed the mortgage in evidence, which was among the errors assigned by Hornbeck and wife, who took this writ.

· *J. W. Over*, for plaintiffs in error.—The Act of February 24th 1870, in relation to acknowledgments by married women, requires that the magistrate shall read or otherwise make known the full contents of a deed when acknowledged.    The omission of the word *known* in this acknowledgment vitiated it: Barnet *v.* Barnet, 15 S. & R. 72; Graham *v.* Long, 15 P. F. Smith 383.

*M. W. Acheson* and *John H. Kerr*, for defendants in error.— It is not essential that the words of the act should be used by the magistrate; it is sufficient if its directions are substantially complied with; and therefore, if it appears from the whole certificate that the contents of the deed were known to the wife, it is as effectual as if the magistrate had certified that he read or otherwise made them known to her: McIntire *v.* Ward, 5 Binn. 296 ; Jamison *v.* Jamison, 3 Whart. 457.

[Hornbeck v. Building Association.]

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1879.

This controversy is as to the sufficiency of the acknowledgment of the plaintiffs in error to bind the estate of the wife.

The certificate of acknowledgment before a notary public, after stating that George H. Hornbeck and Margaret J., his wife, personally appeared before him and acknowledged the indenture of mortgage to be their act and deed, and desired the same might be recorded as such, proceeded to declare "she, the said Margaret J., being of full age, and by me examined separately and apart from her said husband, and the contents of said indenture being first made fully to her, declared that she did, of her own free will and accord, sign and seal, and as her act and deed deliver the same, without any coercion or compulsion of her said husband."

Three rules, applicable to the certificate of the acknowledgment of a deed or mortgage, are deducible from the authorities. 1. It is a judicial act, and in the absence of fraud or duress, is conclusive of the facts therein certified: Jamison v. Jamison, 3 Whart. 457; Hall v. Patterson, 1 P. F. Smith 289; McCandless v. Engle, Id. 309; Heeter v. Glasgow, 29 Id. 79; Miller v. Wentworth, 1 Norris 280; Singer Manufacturing Co. v. Rook et ux., 3 Id. 442. 2. The certificate may be impeached by proof of fraud or duress in the acknowledgment, except as against a good-faith purchaser without notice: Schrader v. Decker, 9 Barr 14; Loudon v. Blythe, 4 Harris 532; s. c. 3 Casey 22; Michener et ux. v. Cavender, 2 Wright 334; Heeter v. Glasgow, supra; Singer Manufacturing Co. v. Rook, supra. 3. A substantial compliance with the form of certificate prescribed by the Act of Assembly is sufficient: McIntire v. Ward, 5 Binn. 296; Shaller v. Brand, 6 Id. 438; Jamison v. Jamison, supra; Miller v. Wentworth, supra.

This case comes before us without any element of fraud or duress. No equities of third persons have intervened. The sufficiency of the form of the certificate is the only matter which we need consider.

The Act of Assembly, inter alia, directs the officer taking the acknowledgment, to "read or otherwise make known the full contents of such deed or conveyance to the said wife." On the part of the plaintiff in error it is contended that this portion of the statute has not been complied with in the present case; the language of the certificate being "the contents of said indenture being first made fully to her."

The omission of some of the words specified in the act, and the substitution in the certificate of other words carrying a similar meaning, have been held to be a substantial compliance with the act. Thus the act requires the wife to declare that she did "seal and as her act and deed deliver;" yet in Jamison v. Jamison, supra, it was held that a declaration in the certificate that she did "seal and

7 NORRIS—5

[Hornbeck *v.* Building Association.]

acknowledge" was sufficient.    So the statute requires her to declare that she executed it "without any coercion or compulsion of her said husband;" yet it was held that "voluntarily consenting thereto," in lieu of the statutory words, was a substantial compliance therewith : Shaller *v.* Brand, *supra.*

The certificate in the present case states the separate examination of the wife, and that she declared she signed, sealed and delivered the same without any coercion or compulsion of her said husband.    To be valid as against her, it must also state, substantially, that the contents were made known to her.    Does it do this? "The contents of said indenture being first made fully to her." We should so construe these words as to give some effect to them, rather than discard them as void of all meaning.    It certainly was not a violent presumption to infer that the word "known" was inadvertently omitted after "fully," which the learned judge appears to have done.    To rebut such presumption he admitted parol evidence to show that the contents were not made known to her, and that she did not know them.    The correctness of this ruling is not now before us, and we indicate no opinion thereon.    We prefer to sustain the certificate by giving full effect to the meaning of the language used, without the addition of a single word.    The contents being "made fully" to·her, is equivalent to saying they were "fully made" to her.

To say they were fully made to her, clearly implies they were communicated to her.    If communicated, they were made known to her.    If the certificate stated that the contents were "fully communicated to her," it would have removed all cavil as to their import.    The words used are substantially of the same signification, and tantamount thereto.    The language of the certificate is a substantial compliance with the requirements of the act, and the judgment is                                                        Affirmed.