E. RUCKER, an Infant, *v.* M'NEELY.

The record of a conveyance, shown to be a true copy, is admissible evidence for the grantee,—satisfactory proof having been given of the loss of the original, and its execution proved by the subscribing witness.

The contents of a written lease in the hands of a third person cannot be proved by parol, unless such person have been first subpœnaed to produce the lease.

ERROR to the *Shelby* Circuit Court.

BLACKFORD, J.—Trespass *quare clausum fregit.* Plea, not guilty. Judgment for the defendant.

The plaintiff, to show his title to the *locus in quo*, offered in evidence the record of a deed to him for the land from *Claiborne Rucker* and his wife, duly recorded by the recorder of the county. The record was objected to, on the ground

that the original was the best evidence. The plaintiff then proved that the record of the deed was a true copy of the original ; that after the deed was recorded, the said *Claiborne* had taken charge of it for the plaintiff who was then and is still an infant ; that the guardian of the plaintiff had searched for the deed, but could not find it ; and that the said *Claiborne*, who is now deceased, had stated in his lifetime that the deed was lost. The execution of the deed was proved by the subscribing witness, and by the magistrate before whom it was acknowledged. After this evidence, the record of the deed was still objected to, but the objection was correctly overruled.

The plaintiff further proved, that after the execution of the deed he made some rails and fence upon a part of the land ; and that afterwards and before this suit was commenced, the defendant with his family moved upon the land, and has continued on it ever since.

The defendant offered to prove, *by parol*, that one *John Cartmill* had a written lease for a part of the land for the term of nine years, dated some months before the date of the plaintiff's deed ; and that he was in possession of the land covered by his lease just before the entry of the defendant. The plaintiff objected to the *parol* evidence of the existence and contents of the lease, but the evidence was admitted.

This objection should have been sustained. As the lease was in writing, it should have been produced or its absence accounted for. An effort to obtain it, by means of a *subpœna duces tecum*, should have been made before the introduction of parol testimony of its contents.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*W. J. Peaslee, C. Fletcher*, and *O. Butler*, for the defendant.