## OWEN v. NORRIS.

If a person contract to convey certain real estate on the day on which a note given for the purchase-money is made payable, *or as soon as the note shall be paid,* he may sue on the note without having offered, &c. to execute the deed on the day the note fell due, provided he have, within a reasonable time afterwards, offered to make the deed upon being paid the note at the same time.

But the deed offered in such case must be for all the land contracted for.

Nov. Term,
1840.

Owen
v.
Norris.

Thursday,
January 14,
1841.

The acknowledgment of a *feme covert* of a conveyance of real estate, as shown by the magistrate's certificate, agreeing in substance, though not in words, with that prescribed by the statute, was held to be sufficient.

APPEAL from the *Henry* Circuit Court.

BLACKFORD, J.—This was an action of debt, brought by *Norris* against *Owen*, on a sealed note for the payment of 600 dollars. The note was dated on the 18th of *December*, 1837, and was payable on the 25th of *December*, 1839.

Plea, that the note was given in part payment for the undivided third part of several tracts of land, (which are described;) that the plaintiff, at the time the note was given, agreed in writing with the defendant, under the penalty of 3,000 dollars, to make to the defendant a good and lawful deed of conveyance in fee-simple, free from incumbrance, for the said part of said lands, on or before the 25th of *December*, 1839, or as soon as the defendant should pay him two certain notes of 600 dollars each—one payable the 25th of *December*, 1838, and the other the 25th of *December*, 1839, (the last named note being the one now sued on;) that the plaintiff had not made, nor tendered, nor offered to make, to the defendant a good and lawful deed of conveyance in fee-simple for said land, free from incumbrance, according to the tenor and effect of his contract.

Replication, that on the 16th of *December*, 1839, the plaintiff and his wife executed a deed of conveyance in fee-simple for the estate, free from incumbrance, to the defendant; that in *January*, 1840, and before the commencement of this suit, the plaintiff tendered and offered to deliver the said deed to the defendant, and demanded payment of the note described in the declaration; that the defendant then failed, and has at all times since failed, to pay the same or any part thereof; that the plaintiff has at all times since been ready and willing to deliver the deed to the defendant if he would pay said note, and now brings the deed into Court, &c.

The defendant craved and obtained *oyer* of the conveyance, alleged in the replication to have been offered, and demurred generally to the replication. Demurrer overruled, and judgment for the plaintiff.

The replication is objected to on account of the time at which it alleges the conveyance to have been offered. Had

the contract been simply to make the deed on the day the note became due, the replication should then have shown that such an offer to execute the deed as the law requires in these cases, had been made on the day specified by the contract; unless the offer had been waived by the defendant. *Bank of Columbia* v. *Hagner*, 1 Peters, 455. But by the contract under consideration, the deed was to be made when the note sued on became due, *or as soon as that note and one previously due should be paid.* This last-named clause is material. The plaintiff had a reasonable time, after the note described in the declaration became due, (it being unpaid,) within which to offer to execute the deed, upon being paid the note at the same time with the delivery of the deed. In this case, the offer to execute the conveyance was made in time (1).

The conveyance alleged to have been offered is objected to on account of the informality of the acknowledgment of the plaintiff's wife, as shown by the magistrate's certificate. The certificate is as follows: " State of *Indiana, Union* county, ss. Before me the subscriber, a justice of the peace in and for said county, personally appeared the above-named *John Norris* and *Jane* his wife, and acknowledged the signing and sealing of the above deed of conveyance to be their voluntary act and deed. And the said *Jane* being at the same time examined by me separate and apart from her husband, and the contents of said instrument made known to her by me, then declared that she did voluntarily sign, seal, and acknowledge the same, and that she was still satisfied therewith. The 16th day of *December*, A. D. 1839.—*John Rider*, (seal.) Justice of the Peace." The acknowledgment of the wife, in this case, does not agree, in words, with that prescribed by the statute on the subject; but it is the same in substance, and is therefore sufficient. R. S. 1838, p. 313.

The conveyance is also objected to on the ground that it is not a conveyance of all the land which, by the contract, was to be conveyed. This objection is fatal to the replication. The undivided third part of several tracts of land was to be conveyed, but there is one of those tracts, being a quarter section, which is not mentioned in the conveyance alleged

Nov. Term,
1840.

to have been offered. This defect in the deed justified the defendant in not paying the note.

There are other pleadings in the cause which it is unnecessary to examine.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the appellant.

*J. S. Newman*, for the appellee.

(1) Vide *Burrows et al.* v. *Yount, May* term, 1843.