Bdackford, J.
This was an action of debt brought’ by the plaintiffs in error against Yount. The suit is founded on a sealed note, dated the 8th of January; 1840, for the payment of $1,000 on or before the 25th of December, 1841. The not was payable to Miller, and by him indorsed to Fvans, win indorsed it to the plaintiffs.
There was a plea to the following effect: That the defendant purchased of the payee of the note certain lots of ground *492 for the price of §3,000, and received, at the time of the pur-, chase, a bond from the latter, conditioned to make the defendant a good title for the lots upon payment of all the purchase money; that the note sued on was given in part consideration' of said purchase; that the other part of the purchase-money had been paid; that the defendant had always been, and still was, ready to receive a deed for the lots and pay what remained due of the price, when the deed should be made or tendered; but that the payee had not made or tendered the deed as stipulated in the title-bond or otherwise.
General demurrer to the plea, and judgment for the defendant.
*We understand that, by this plea, the defendant relies on the fact, that the deed for the lots had not, before the commencement of the suit, been made or unconditionally tendered to him. There is some ambiguity in the plea, arising from the words “as stipulated in the title-bond or otherwise;” but as a plea, if ambiguous, is to be taken mosl strongly against the pleader, this plea must be considered tc mean what we have stated; and viewed in that light, it is evidently bad.
According to the contract as stated in the plea, the purchaser having paid the purchase-money, except the part for which the note sued on was given, could have entitled himself to a good title for the lots, by paying that note when it became due, or by offering to pay it to the holders at the time it 'became due, on condition of receiving, at the time of the payment, the vendor’s conveyance of the 1‘ots. And if the note was not paid when due, the holders had a right to sue on it, if the vendor, previously to the commencement of the suit, had made the purchaser a good title to the lots; or if, on the day the note fell due, or within a reasonable time afterwards, the holders had offered to the purchaser a good title to the lots, executed by the vendor, provided the purchaser would, at the time of his receiving the deed, pay the note. Owen v. Norris, 5 Blackf., 479. But the purchaser had no right to insist that he was not bound to pay the note, because the deed had not *493 been made, or unconditionally tendered to bim, before the suit was commenced.
D. Mace, for the plaintiffs.
J. Pettit, for the defendant.
Me are, therefore, of opinion that the plea before us is defective, for omitting to aver that the plaintiffs had not, on the day the note became due, or within a reasonable time afterwards, offered to deliver to the defendant a good title for the loth executed by the vendor, upon their being paid, at the time of delivering the deed, the amount due on the note.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &e.