[See Case No. 11,587.]

═══

## Case No. 11,587.

RAVERTY et ux. v. FRIDGE.

[3 McLean, 245.] [1]

Circuit Court, D. Ohio. July Term, 1843.

DEEDS — WIFE'S ACKNOWLEDGMENT — SEPARATE EXAMINATION—STATUTORY REQUIREMENTS.

1. The separate examination of a feme covert, as required by the statute, is indispensable; but the very words of the statute need not be used by the certifying officer.

[Cited in Rogers v. Woody, 23 Mo. 550.]

2. If, in this respect, the requisites of the statute are substantially complied with, it is sufficient.

[Cited in Kavanaugh v. Day, 10 R. I. 395.]

[This was an action by Raverty and wife against Fridge. See Case No. 11,586.]

LEAVITT, District Judge. This is an action of ejectment; and the defendant, as a part of his proof of title to the premises in dispute, relies on a deed executed by Peter Casells and wife, to John F. Keys, acknowledged by the grantors, the 3d day of July, 1818. And it is admitted by the counsel for the plaintiff, that if this deed is a valid conveyance, they have no legal claim to a recovery in this action. This deed is objected to, on the ground, that the certificate of its acknowledgment is defective, as not conforming to the requisitions of the statute of Ohio, passed in January, and which took effect the 3d of May, 1818, and under which, the deed in question was executed and ac-

[1] [Reported by Hon. John McLean, Circuit Justice.]

knowledged. It is insisted, that the certificate does not set forth, with sufficient certainty, that there was a separate acknowledgment of the execution of the deed, by the wife of the grantor, as required by the statute. The magistrate, in his certificate of acknowledgment, after setting forth the appearance of the husband and wife before him, proceeds thus: "The said Clarissa, being examined separately and apart from her husband, and acknowledged the above indenture to be her voluntary act and deed, for the uses and purposes therein mentioned." The statute of 1818, relating to the execution and acknowledgment of deeds, requires that they shall be signed and sealed by the grantors, and be acknowledged before, and attested by, two subscribing witnesses, and shall also be acknowledged before a judge or justice of the peace; and, when the grantors are husband and wife, it is made the duty of the officer, taking the acknowledgment, to examine the wife separate and apart from her husband, and to read, or otherwise make known to her, the contents of the deed; and if, on such examination, she shall declare, that she voluntarily, and by her own free will and accord, and without any fear or coercion from her husband, did and now doth acknowledge the signing and sealing thereof, he is required to certify the same.

It is quite obvious, that this certificate is loosely and unskilfully drawn; but it cannot be regarded as a nullity, if there has been a substantial compliance with the requirements of the statute. In the case of Brown v. Farran, 3 Ohio, 140, the certificate of acknowledgment was similar to the one now under consideration. It set forth the examination of the wife, apart from her husband, but did not state, that the wife, on such separate examination, acknowledged the execution of the deed. Nor was it certified, that the wife, on her separate examination, declared that, "she voluntarily and of her own free will and accord, and without any fear or coercion of her husband," signed, sealed, and acknowledged the deed; but the court held, that the presumption of undue influence on the part of the husband, was fairly excluded, by the facts set out in the certificate, and that it showed a substantial compliance with the statute. In the case referred to, the court say: "If the certificate contain the substance of the law, it is sufficient;" and it is added: "It evidently appears from the certificate on this deed, that the wife was examined apart from her husband, that she acknowledged the deed, and admitted it to be voluntary on her part." The cases in 7 Ohio, 353, and 8 Ohio, 120, are confirmatory of the decision in Brown v. Farran. And, in conformity with these cases, the principles of which are in entire accordance with the views of this court, we hold the certificate before us, to be substantially in compliance with the statute. Although it does not state explicitly that the wife acknowledged the signing and seal-

ing of the deed, on her separate examination, and that such signing and sealing, was without any undue influence on the part of her husband; yet, as it does appear, that she was examined apart from her husband, the court may well presume, in the absence of any facts warranting a contrary inference, that the examination was conducted in accordance with the provisions of the statute. To use the language of the court, in the case in 8 Ohio, before referred to, "the certificate admits of no sensible interpretation except that which shows the essential requisites of the law were complied with."

The objection to the certificate of acknowledgment, based on its omission to set out, that the contents of the deed were made known to the wife, which was expressly required by the act of 1818, is obviated by the act of March 9, 1835. Swan's St. p. 269. It was the object of this statute to give validity to deeds previously executed, in the certificate of the acknowledgment of which the defect first stated should occur. The deed in question being sustained, judgment must be entered for the defendant.