## LOUGEE *v.* WASHBURN.

Upon contracts made in foreign States, interest according to the law of the forum will be taxed, unless evidence is adduced that the parties have agreed on a different rate, or that a different rate was established by the laws or usages of the place of contract.

The date of a contract is evidence of the place where it was made, and connected with evidence that the parties soon afterward were domiciled there, is competent evidence that they were so domiciled at the time.

ASSUMPSIT. The first count was upon a note dated Compton March 4, 1834, for $23.12, payable by the defendant to the plaintiff or bearer in thirty days with use.

The second count was upon a note dated as the first named, and for $4.12 payable by the defendant to Orlan Farwell or bearer in sixty days with interest.

To both counts the defendant pleaded, 1. The general issue. 2. *Actio non,* because he says, that on the 7th day of September 1823, at a place called Compton, to wit at

Lougee *v.* Washburn.

said Lancaster, the defendant was indebted to the plain-
tiff in the sum of $20.05, and being so indebted, after-
ward, to wit on the same day, at said Compton, to wit at
said Lancaster, gave and executed to the plaintiff his
promissory note for that sum. That on the same 7th day
of September 1823, at Compton, to wit at Lancaster afore-
said, it was unlawfully and corruptly agreed between the
parties that the plaintiff should give day of payment to
the defendant on the note, and that the defendant should
pay to the plaintiff at and after the rate of twenty-five
pounds for the forbearance and giving day of payment of
one hundred pounds for one year, and for a longer or
shorter time ; and thereafterward to wit on the 4th day
of March 1834, in pursuance of such unlawful and cor-
rupt agreement, &c., there was a looking over, and the
interest was computed at the rate of twenty-five pounds,
&c., and the note in the first count mentioned was made
and executed to the plaintiff, and $10 of unlawful interest
which had accrued on said first note, was included in and
made part of the consideration of it.

The plaintiff replied *precludi non*, because at the time of
the execution of the note in the first count mentioned,
the plaintiff and defendant were both residents of Comp-
ton in the Province of Lower Canada, and that said note
and all contracts in reference to it were there executed,
and the note was there to be paid, and by the laws of
Canada no unlawful interest was paid upon or secured by
said note, and this he is ready to verify. To which the
defendant rejoined, that the defendant was not at the
time of the execution of the note a resident at said Comp-
ton, nor was said note there to be paid, and concluded to
the country ; and issue was joined.

A witness testified that he had known the plaintiff six
years past, and that he lived, and still lives, in Compton ;
that he has also known the defendant, who now lives in
Pittsburg in the county of Coös ; that he has lived there

for seven years past, and told the witness, that he came from Canada to that place.

The court instructed the jury, that from this testimony and the date of the note, which purported to be at Compton, it was competent for them to find that the parties lived there at the time the note was made, and that the note was to have been paid then, if they were satisfied of the facts.

The court further instructed the jury, that as no evidence was offered to show what the rate of interest was in Canada, if they should find for the plaintiff, they might cast the interest at six per cent.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside, by reason of the supposed error in the instructions of the court, and for a new trial.

*Young*, for the plaintiff.

*Cooper*, for the defendant.

WOODS, J. Upon contracts drawing interest, either by their express terms, or by force of an agreement that is usually implied, to pay interest upon money retained in the hands of a debtor, the rule is, to tax it at the rate which is established by the law of the forum; unless a different rate shall appear to have been settled by an agreement of the parties, not open to any legal exception. The party insisting upon a different rate, must show that it has been so agreed, either in express terms, or else by force of the laws of the place of the contract with reference to which the contract is presumed in law to have been made. For the courts of one country do not take notice officially of the laws of another country, but permit them to be proved, when a knowledge of them is suggested by a party to be requisite for ascertaining his rights in regard to a matter in controversy. The direc-

Lougee v. Washburn.

tion of the court in regard to the interest, was therefore correct. It was to no purpose for a party to insist that the contract was made abroad and where a different rate of interest was prescribed, if he refused or was unprepared to show to the court what that rate in fact was. As to the other point. A contract is produced dated " Compton March 4, 1834." Why are those words and figures placed there ? Without the least doubt for the same purpose that all the other words and figures there were written : that is to say, for the purpose of settling and preserving the evidence of the terms of the contract, and the liabilities of the party who has signed it. To do that, it is necessary that the place and the time should appear, and to render both those circumstances certain, and to take away all question concerning them, they are inserted in the contract and agreed to by the party who signs it. The date is therefore evidence of a very proper and convincing character to settle the matters of the time and place when and where a contract is made. *Barker* v. *Jones*, 8 N. H. 414.

That alone, without further evidence, might have sufficed to settle the construction of the contract. But the domicil of the parties, if proved to have been other than the place of its execution, would have controlled the construction, because it would have afforded evidence that a place for the execution of the contract was intended, different from the place where it was made. Story's Conf. of Laws, sec. 272, 273. But the question raised by the pleadings was such, that it becomes necessary to consider the date of the contract in connection with the testimony of the witness, as evidence of the domicil of the parties. The two amount to this. Six or seven years before the trial, which would carry the point of time back to 1836 or 1837, both these parties actually lived and had their domicils in Canada. On the fourth day of March 1834, they were both together there. In the absence of any evidence

to the contrary, the evidence is not only pertinent but cogent, to prove that the parties resided there at the moment of entering into the contract.

We are therefore of the opinion that the instructions given by the court were correct, and that there must be

*Judgment on the verdict.*