WORTHINGTON *v.* McDONALD and Another.

Assumpsit by the payees against the maker of a promissory note given for the balance of the purchase-money of two lots in *A.,* to be liquidated in warehouse commissions from time to time as the payees might call for or demand—said commissions to be in accordance with the regular rates of other established houses in said town of *A.* Averment, that on,

&c., at, &c., the plaintiffs called for and demanded of the maker ware-house commissions at the regular rates, &c., and that he refused to pay in warehouse commissions, &c.—pursuing the language of the note. General breach, that the defendant had not paid the money in the note specified, &c.   *Held*, that the declaration was bad on general demurrer.

Monday,
December 5.

ERROR to the *Fountain* Circuit Court.

STUART, J.—*McDonald* and *Spears* sued *Worthington* in assumpsit on a promissory note for 1,000 dollars. Demurrer to the declaration overruled, and judgment for the plaintiffs below.

The note is set out according to its legal effect. It is alleged to be for the balance of the purchase-money of two lots in *Attica*, and in the language of the declaration, " to be liquidated in warehouse commissions from time to time, as the payees may call for or demand; said commissions to be in accordance with the regular rates of other established houses in said town of *Attica*." The plaintiffs then aver that at, &c., on, &c., they called for and demanded of *Worthington* warehouse commissions at the regular rates, &c., and that he refused to pay in warehouse commissions, &c.—the pleader strictly pursuing the language of the note. General breach, that *Worthington* had not paid the money in the note specified, &c.

Were we at liberty to infer what might possibly be the facts in this case, we might say that *Worthington* had a warehouse in *Attica*, and that the defendants in error were wheat-buyers and wanted a place to store wheat from time to time as they might need; that the commissions arising from such storage, according to the established prices at *Attica*, should go in liquidation of the note. Let it be further supposed that the payees of the note called upon *Worthington* from time to time to store for them a reasonable quantity of wheat, and he refused. The plaintiffs below might then have a right to demand payment in cash. But it is too much to ask the Court to imagine all these facts. They should have been set out with proper introductory matter and averment in the declaration. The contract evidently implies something to

be done on the part of the plaintiffs below before they were entitled to demand either warehouse commissions or cash.

The plaintiff in error refers to several authorities, viz., 1 Chitty Pl. 332–3.—2 Gill and J. 441.—1 Saund. R. 32.— 2 *id.* 181, b.—6 Taunton 45. *Chitty's* annotators cite these authorities, but it will be found, on close examination, that they do not support the text. Even the same author cites 1 Price 109 *contra.* The dictum from *Gill* and *J.* is an isolated introductory remark of the judge, having no particular connection with the facts of the case.

It is well settled that in many cases the breach may be assigned in general terms. Thus, on a bond by a deputy sheriff, such general assignment was held sufficient. 5 Johns. R. 168.—8 *id.* 111.

But there is another class of cases to which a different rule is applicable. Where the terms of the contract leave its meaning ambiguous, if the breach were assigned generally, without proper introductory matter and corresponding averments, the Court might not know what judgment to render. Bac. Ab., Pleas, B., 1. Accordingly, it is held that the pleader should not leave the facts to inference, but should allege them with precision and certainty. 9 Johns. R. 291.—Lawes Pl. 54. General pleading cannot be supported. 1 Bos. and Pull. 98. Thus, the plaintiff declared that in consideration that he, plaintiff, delivered all the corn in a certain barn the defendant assumed and promised, &c. The plaintiff averred that he did deliver the corn in the barn, but did not show there was any corn there, and it was agreed that the declaration would have been bad on demurrer. Bac. Ab. *supra.* See also Arch. Civ. Pl. 151–2. So here, the term "warehouse commissions," and the implied storage of goods from time to time, at the established rates, indicate a series of extraneous facts not elsewhere alluded to or explained in the declaration. They are ambiguous, and the ambiguity must be taken most strongly against the pleader. 6 Blackf. 458. The declaration is bad on general demurrer.

Nov. Term,
1853.

*Per Curiam.*—The judgment is reversed with costs.

*D. Brier, D. Newell* and *D. W. Voorhees,* for the plaintiff.