## MICHAEL ERSKINE v. THOMAS W. WILSON.

Where the plaintiff claims title to the note sued on, by assignment from one who is alleged to be sole heir and legal representative of the payee, and the defendant files a general denial, the plaintiff must prove the capacity of his assignor as alleged; even, it seems, although the assignment be not alleged to be lost.

A general denial, without oath, puts in issue the execution of a note, and the assignments thereof, alleged to be lost.*

Where the defendant pleads the statute of limitations, and the plaintiff amends

---

\* So far as the assignment is concerned, this is a construction of the 5th Section of the Act of January 25th, 1840, to dispense with the necessity of protesting negotiable instruments, &c., (Hart. Dig. Art. 2524,) in connection with the 86th Section of the Act of May 13th, 1846, to regulate proceedings in the District Courts. (Hart. Dig. Art. 741.)—REPS.

by alleging a new promise or acknowledgment of the justice of the claim, the amendment is to be viewed in the light of a new suit, or as the bringing of the suit as respects the cause of action therein set forth; and if the defendant would rely on the defence of limitation as to the new promise or acknowledgment, he must plead it thereto.

Where a new promise or acknowledgment of the justice of the claim is pleaded by amendment, the statute of limitations runs until the filing of such amendment.

A correspondence by the maker of a note, with one who claimed to be the assignee thereof, in which the justice of the claim, and the right of the alleged assignee to demand payment thereof were acknowledged by the maker, held not to be sufficient proof of the assignment, in a suit afterwards brought by the alleged assignee; the note being lost and the defendant pleading a general denial.

Error from Guadalupe.    Tried below before the Hon. Thomas H. DuVal.

Suit by defendant in error against plaintiff in error, commenced April 10th, 1854, on a promissory note of the defendant for $1197, dated November 28th, 1840, payable to Winston L. Reausseau.    The petition alleged that on the 22d day of September, 1847, John Reausseau, the only heir at law and legal representative of the said Winston L. Reausseau, who had, previous to the said 22d day of September, 1847, departed this life, assigned and transferred to plaintiff all the right, title, interest and claim that he, the said John Reasseau, had, or that his said Father, Winston L. Reausseau, had at his death.

Defendant pleaded general denial, payment and the statute of limitations.

On the 8th May, 1856, plaintiff amended, by allegation that the note sued on had been lost; that within less than four years next before the institution of this suit, said defendant, over his own proper signature in writing, acknowledged the justness of plaintiff's demand, and promised in writing, over the signature of said defendant, to pay said debt; and that at the date of the note sued on defendant had given a deed of trust on two slaves to secure the payment thereof; and plaintiff prayed for an order to sell said slaves to pay the judgment.

On these pleadings, the cause was submitted to the Court without a jury.

Plaintiff made affidavit of the loss of the original note, and gave in evidence a certified copy of a deed of trust from defendant to Augustus C. Jones, dated Nov. 28th, 1840, on two slaves

to secure the payment of said defendant's bond to Winston L. Reausseau, of even date therewith, due and payable on or before March 1st, 1842, bearing interest from date at ten per cent. per annum. Plaintiff then gave in evidence two letters from defendant to the plaintiff, one dated June 16th, 1851, and the other Sept. 11th, 1851. They purported to be in answer to letters from the plaintiff, and unless qualified by the letters to which they were replies, or other like evidence, they were acknowledgments of the justness of the whole of plaintiff's claim. They also acknowledged the right of plaintiff to receive payment, one purporting to cover a remittance of $150 in part payment, in a draft on New Orleans. This was all the evidence; and on it, the Court gave judgment for the plaintiff for $3104 24, and ordered the two slaves to be sold, &c.

· *J. J. Thornton*, for plaintiff in error. As a general rule, the legal representative only can sue for a debt due a deceased person. (Lacy v. Williams, 8 Tex. R. 182; Evans v. Oakley, 2 Id. 182; Moore v. Morse, Id. 400; 1 Day, R. 150.)

Under our statutes regulating successions, an administrator cannot assign a note payable to his intestate. (Gayle v. Ennis, 1 Tex. R. 189.)

Plaintiff failed to prove the death of Winston L. Reausseau; the sole heirship of John Reausseau, and that he was the legal representative of the former, as alleged; or that he assigned the note to plaintiff. In case of a lost note, proof of the execution and assignment thereof is not dispensed with, although not denied under oath.

Waiving all other points, for the sake of the argument, both the original note and the new promise are barred by the statute of limitation. The new promise was a new cause of action, and the statute continued to run until it was pleaded. (Coles v. Kelsey, 2 Tex. R. 548; Henderson v. Kissam, 8 Id. 46; Smith v. McGauhy, 12 Id. 466; Bradford v. Hamilton, 7 Id. 55; Whitehead v. Herron, 15 Id. 127.)

*J. Ireland*, and *Hancock & West*, for defendant in error. An acknowledgment of indebtedness in general terms will be held to apply to the particular debt sued on, unless the defendant show there was another debt due from him to the plaintiff. (Mitchell v. Clay, 8 Tex. R. 443.)

Defendant cannot be heard to say that plaintiff is not the owner of the debt, for the new promise is made directly to the latter. (McKinney & Williams v. Jones, 7 Tex. R. 298 ; Hardy v. De Leon, 5 Id. 212 ; Crump v. Bennett, Litt. R.) The new promise was the cause of action, and that was made to the plaintiff. (Grayson v. Taylor, 14 Tex. R. 672.)

There is not a word said in the pleadings about Wilson not being the owner of the claim ; and most certainly are we relieved by the promise to us, until there is an offer to prove the admission incorrect. (Wiggin v. Donnell, 4 N. H. R. 69; 16 Johns. R. 226 ; Hill v. White, 3 Carr. & Payne, 242 ; Cowen & Hill, Notes to Phill. on Ev. Part 1, p. 200.)

In order to make Wilson prove ownership, Erskine should have denied his right, under oath. (Hart. Dig. Art. 2524.)

The date of the filing of the amendment we believe to be erroneous, which would account for the failure of defendant to plead the statute of limitations to the new cause of action set up therein. But it makes no difference here, as the failure of the defendant to so plead the statute precludes him from claiming the benefit of it. (Turner v. Brown, 7 Tex. R. 489 ; Speake v. Prewitt, 6 Id. 252.)

WHEELER, J.[*] The plaintiff claims title to the note by virtue of an assignment from the sole heir and legal representative of the payee. His right to recover depends upon the truth of his allegations, which were put in issue by the general denial. Had the heir brought suit upon the note, claiming thus by a derivative title, as heir, he must have proved the death of the ancestor, the payee, and that he was the heir, to entitle him to recover in that right. The same burden of proof rests upon the plaintiff, as his assignee. Moreover, the note having been lost, the defendant was not required to deny its execution under oath, in order to put the plaintiff on proof of its execution. (Hart. Dig. Art. 741.) The case of a lost note is not within the provision of the statutes dispensing with proof of the execution and assignment of the note unless denied under oath. It devolved on the plaintiff to prove both the making of the note and its assignment. The plaintiff failed to make the requisite proof.

[*] Mr. Justice Wheeler was detained at home by illness until about this period of the Term.—REPS.

It is well settled by the decisions of this Court, that the new promise is to be deemed the cause of action. The amendment setting up the new promise was an answer to the plea theretofore filed of the statute of limitations. But the new promise, or cause of action, was itself also barred before the filing of the amendment. The amendment, introducing a new cause of action, is to be viewed in the light of a new suit, or as the bringing of the suit as respects the cause of action therein set forth, (Williams v. Randon, 10 Tex. R. 74,) and if the defendant would have relied on the statute as a bar, he should have pleaded it in bar of the new suit or cause of action introduced by the amendment. Not having done so, it cannot avail him in this Court. But for the failure of proof of the making of the note, and title in the plaintiff, the judgment must be reversed and the cause remanded.

Reversed and remanded.