## LITTLE *v*. RILEY.

In a writ of entry upon a mortgage, the defendant may plead usury, with an issue to the jury, although the mortgagee be not alive; but the usury can not be set up under the general issue.

Where the defendant is the assignee of the mortgagor, with covenants of warranty, but the mortgagor is still the defendant in interest, the latter is not a competent witness against the administrator, although the warranty be released.

Where the note secured by the mortgage was made and dated in Massachusetts, but payable in New-Hampshire, the interest is to be computed according to the laws of the latter State, although in the mortgage the rate was specified at six per cent, that being the lawful rate in both States.

The mode of computing interest in this State, where partial payments have been made, considered.

WRIT OF ENTRY by T. W. Little, administrator of A. G. Britton, against Charles H. Riley, to foreclose a mortgage upon a farm in Orford, in this county, made and executed November 20, 1837, by Alexander S. Riley, to secure his note of the same date for $2000, payable to Britton or order, in two years from date, at the Grafton Bank, Haverhill, N. H., with interest annually. The note was dated, and both note and mortgage were made and executed at Boston, Mass., where said Riley then resided. On the back of the note were the following indorsements: October 23, 1849, $967.22; February 23, 1853, $500; June 27, 1854, $500; July 10, 1855, $500; August 30, 1855, $600; June 3, 1856, $1250.

The pleas were, the general issue, which was joined, and numerous pleas of usury in bar, to all of which there were replications denying the alleged usury, and issues joined.

The trial was before the court, instead of the jury. The plaintiff objected that the statute only contemplated a three-fold deduction of the amount of usury in a suit upon the usurious contract in the method specified therein, and that where, as in the present case, one of the parties to the alleged usurious contract was dead, the statute did not apply. The court overruled the objection, and the plaintiff excepted.

The defendant offered as a witness, the maker of the note and mortgage in suit, Alexander S. Riley, to whom the plaintiff objected as incompetent, being in fact the party in interest. It appearing that the said Alexander had conveyed the demanded premises to

the defendant, who was his brother, and to his sister, by deeds of warranty, without the payment of any consideration, except an obligation by the defendant, the nature of which did not fully appear, and said Alexander testifying that in making the conveyance he intended to provide a home for the family, and that since the date of his conveyance he had paid $1250 on the mortgage debt, the court found that he was in fact the party in interest defendant. Thereupon the defendant offered a release discharging the witness from all claim and damage which he had or might have against him by reason of the covenants in his deed to him, and from all claims and demands which he had or might have against him by reason of said deed, or by reason of this suit and the costs therein, and the expenses of carrying it on, as well as the subject matter thereof, and all liabilities of the witness to him on account thereof. The plaintiff still objected to the competency of the witness, notwithstanding the release; but the court admitted him, and the plaintiff excepted.

The testimony of Alexander S. Riley tended to prove that at the date of the note in suit, he paid to Britton the sum of eighty dollars, as extra interest for the two years before the same became due by its terms upon said note, being two per cent per annum for the forbearance and giving day of payment of the amount of said note for the two years next ensuing the date thereof, and that he had never paid any other sum to said Britton or any one else as extra interest upon said note.

It further appeared by the testimony of said Riley, that on the 23d day of October, 1849, he gave to said Britton in the city of New-York, where he then resided, and where said Britton then was, an agreement in writing, as follows:

"I hereby agree to allow and pay A. G. Britton, upon the note he holds against me, dated November 20, 1837, for $2000, interest as by law established in the State of New-York.

New-York, Oct. 23, 1849.      (Signed)      A. S. RILEY."

It did not appear that any thing had ever been paid upon the note under this agreement, but said Riley testified that one or more of the administrators of Mr. Britton had claimed interest upon the note at the rate of seven per cent, and had asked him what he was going to do with or about this agreement.

It appeared by the receipt of said Britton that on the 23d day of October, 1845, said Britton received of said Riley $70, to be applied on said note, which had never been thus applied.

There being no plea of usury to which the evidence tending to show the payment of $80 for two years' future forbearance of $2000 at the date of the note was applicable, the court found for the plaintiff, as a conclusion of law, on all the issues upon the pleas of usury, without regard to the question of the competency or credibility of the testimony of A. S. Riley; and they found that the defendant did disseize the plaintiff in manner and form as alleged against him, and that the plaintiff was entitled to a conditional judgment, as upon a mortgage, for the demanded premises. The court also found the balance due upon the note secured by the plaintiff's mortgage,

October 17, 1860, to be $918.84. In computing the amount due, annual interest, that is to say, simple interest, and simple interest upon each year's interest, was cast up to the close of the year next after the first payment on the note, and added to the principal, and from this amount, the payment, with interest thereon to the close of the year as aforesaid, was deducted. The balance was the principal on which interest was computed in the same way to the close of the year next after the next payment, and then from the amount the next payment with interest thereon was deducted; and so on.

The questions arising upon the findings of the court, and the method of computing the amount due upon the note, were transferred.

*Blaisdell,* for the plaintiff.

*Hibbard,* and *Lang,* for the defendant.

BELLOWS, J. One of the questions raised is, whether the defendant, in any mode of proceeding, can be entitled to a deduction when the suit is by the administrator of the person to whom the note was given. It may be considered as settled now that the mode of trial pointed out by the statute is not exclusive, but that the pleadings may properly terminate in an issue to the jury. *Gibson v. Stearns,* 3 N. H. 185; *Divoll v. Atwood,* 41 N. H. 443–446; and it only remains to determine whether the death of the payee or obligee takes away the defense in every form. As to the statute mode of proceeding, it is quite clear that it does, because such is the provision of the law itself; but it is otherwise, we think, as to other forms of defense. By the statute the taking of interest beyond six per cent is made illegal, and the effect is to entitle the party sued upon such usurious contract to a deduction of three times the unlawful interest from the amount lawfully due, instead of rendering the whole contract void, as in many other jurisdictions. And as it is established that the modes of proving the usury given by the statute is cumulative and not exclusive, we see no reason for holding that the death of the payee should take away the right to set up such defense in the ordinary mode. When a discovery by the payee is sought, as it is in the statute mode, there is of course good reason for prescribing that it shall not apply when the payee is dead; but no such reason applies to the defense in the ordinary form. When the oath of the defendant is tendered, the writ being in the name of an indorser, an averment that the payee is alive, is held to be essential, and the implication is, that when the plea is not in that form, such averment is not necessary. *Plummer v. Drake,* 5 N. H. 151, 323, and 556; *Little v. White,* 8 N. H. 276. In accordance with our views is the decision in *Gibson v. Stearns,* 3 N. H. 185, where the usurious contract was made with the plaintiff's testator, and the usury was allowed to be pleaded in bar generally.

The next question is as to the competency of Alexander S. Riley as a witness. So far as his covenants of warranty made him interested, he was clearly rendered competent by the release; but if he still remained a party in interest, as the court found, and the title

to the mortgaged premises was held by the defendant of record in trust only for the witness, the latter was still interested to diminish or discharge the incumbrance, and was therefore not made competent by the release. As the court, however, found against the defendant upon all the pleas of usury as a conclusion of law, without regard to the question of the competency or credibility of this witness, the point is apparently not now material. But it is suggested that although the evidence might not establish usury in the manner alleged in the special plea, yet it was admissible under the general issue, and was sufficient to prove usury to the extent, at least, of eighty dollars. We are, however, not inclined to hold that such defense is admissible under the general issue. It is true that in England, and in some States of this Union, where a contract tainted with usury is illegal and void, it is held that in actions of assumpsit the defense may be set up under the general issue, upon the ground that any thing may be so received in this form of action, that discharges the debt, or shows nothing to be due. *Lord Bernard* v. *Saul,* 1 Str. 498; *Levy* v. *Gadsby,* 3 Cranch 180. But in respect to suits upon specialties it is held otherwise, and such defense must be specially pleaded; and so it now is in England, in actions of assumpsit, by the new rules. It will at once be perceived that between this case and the one before us, there is a marked difference. In the former, by positive statute such contract is illegal and void, but in the latter no such effect is contemplated. By our statute three times the amount of the usurious interest, paid or secured upon the money sued for, is forfeited by the creditor as a penalty; and the debtor may enforce it by a deduction from the sum lawfully due upon the rendition of judgment therefor; or upon payment of the whole, a suit may be maintained for such penalty, as in *Harper* v. *Bowman,* 3 N. H. 489. It is not, therefore, properly speaking, a defense to the suit upon the contract, but is, in its nature, a cross action, like a set-off or a claim for betterments; and, as in the case of a set-off, the omission to set it up in a suit by the creditor does not bar the right to bring a subsequent suit. The cases cited by the defendant's counsel on this point do not therefore apply with much force, inasmuch as they are cases where, by the laws of Massachusetts and New-York, the contracts were wholly void. In New-Hampshire, when the defendant seeks the statute deduction, the practice is believed to have been universal to state the matter formally by plea, whatever may have been the form of action. So it is understood by Parker, C. J., in *Briggs* v. *Sholes,* 14 N. H. 266, and although some doubt is suggested by him of the necessity of such plea or statement in an action upon a mortgage, yet we are unable to see any good ground for a departure from the established practice in cases of this sort. The suit here is substantially to recover the debt; and the defendant may claim the deduction here, or he may omit it, and bring a suit for the penalty. It is proper and convenient, therefore, that the creditor should have notice, by a distinct and formal statement of the claim upon the record; and this accords with cases of a set-off and claim for betterments, as well as the general practice in cases of usury.

The remaining question is as to the mode of casting interest upon the note.

Both the note and mortgage were made and executed in Massachusetts, but the note was payable in New-Hampshire, and there also was the land situated.   By the laws of which State then is the interest to be computed ?   The general principle is, undoubtedly, that the law of the place where the contract is made is to govern its nature, obligation, and construction ; but when the contract is to be executed in another place, then the law of such other place is to govern.   *Dyer* v. *Hunt,* 5 N. H. 401 ; *Houghton* v. *Page,* 2 N. H. 42 ; *Douglass* v. *Oldham,* 6 N. H. 150 ; *Bank of Orange County* v. *Colby,* 12 N. H. 520 ; *Stearns* v. *Norris,* 30 N. H. 466.   In this case it is said by Bell, J., that if the contract is to be executed in another country, the place of making it becomes immaterial.   Story's Conflict of Laws, sec. 280, 281 ; 2 Kent's Com. (9th Ed.) 604.

In this case the contract, by its express terms, is to be performed in New-Hampshire, and of course must be interpreted by our laws, unless it be affected by the stipulation as to the rate of interest in the mortgage note ; and it is contended by the defendant's counsel that the rate of interest having been specified to be six per cent, it must be taken to be the rate fixed by the Massachusetts laws ; which must, therefore, with the mode of computation there recognized, be held to govern.

The authority relied upon for this position is *Depau* v. *Humphreys,* 20 Mart. (Louis.) 1, cited in 2 Kent's Com. 608 ; but the doctrine of this case is strongly combatted by Judge Story in his Conflict of Laws 248, 254.   But whatever may be the true doctrine on this point, we are of the opinion that the case before us does not come within it.   The specification of interest is of the lawful rate in New-Hampshire as well as in Massachusetts, and there is certainly nothing to indicate an intention to be governed by any other rule of computing the given rate than the one in force where the contract was to be performed.   Indeed, the laws of the place where the contract was to be performed must be deemed to have been contemplated by the parties as furnishing the rules to govern it at the time it was made ; and therefore the place of performing the contract is properly to be regarded as the place of the contract, and not the place where the business was transacted.   Story's Conf. of Laws 252.

The rate of interest and the mode of computation must then be governed by the laws of New-Hampshire, and the rule here is, that for the detention of the annual interest, simple interest only is to be computed from the time such annual interest accrues, and that all payments made shall first be applied to extinguish the interest due.

Upon these principles the parties can readily compute the amount due upon the note, which will be the conditional judgment.

If the payments made from time to time exceeded the interest, then the mode adopted would, for aught we see, be correct ; as in *Ross* v. *Russell,* 31 N. H. 386 ; deducting, of course, the $70, stated in the receipt of October 23, 1845, as of the time it was paid.