## John Kavanaugh *vs.* Orange D. Day & wife.

Where a certificate of acknowledgment of a deed stated that the deed described therein as " the annexed instrument," " the said instrument," and " the said annexed instrument," after being fully explained to a married woman was acknowledged by her, and that she agreed that she did execute the said instrument, &c., and that she did not wish to retract the same, and where the magistrate was also a subscribing witness, *it was held*, that a compliance with the requirement of the statute (Rev. Stat. chap. 136, § 7) that the deed should be shown to her by the magistrate when her acknowledgment was taken, was to be inferred from what the certificate stated.

Whether the statute which requires the magistrate to show and explain a deed to a married woman before taking her acknowledgment requires him to state in his certificate that he has done so, *quære.*

The testimony of a married woman that her husband did not leave her at any time with

the magistrate when she acknowledged a mortgage deed, and that of the magistrate that the door to the next room where the husband was, not being shut, he cannot testify that her husband was not within sight of his wife when she gave her acknowledgment, *held* inadmissible to impeach the certificate of acknowledgment which stated that she was examined privily and apart from her husband, in the absence of the proof of fraud on the part of the mortgagee or of the magistrate.

Where bonds, and a mortgage to secure payment thereof, are made in New York between parties resident there, and no provision is made for the payment of the bonds elsewhere, they are presumably to be paid in New York, and interest is to be computed according to the laws of that state, although the mortgage given to secure them is made upon real estate in Rhode Island.

And where the interest is payable, not as interest, but as damages for the non-payment of the bonds at their maturity, the same rule applies, and interest is to be computed according to the laws of the place where default is made.

BILL IN EQUITY to foreclose two mortgages upon land belonging to one Eliza H. Day. The certificate of acknowledgment of each of said deeds was essentially as follows : —

" Be it remembered that on this twenty-ninth day of August, A. D. 1868, before me, the subscriber, Joseph B. Nones, a Commissioner in and for the State of New York appointed by the Governor of the State of Rhode Island to take proof and acknowledgment of deeds, mortgages, letters of attorney, or any other instrument to .be used or recorded in the said State of Rhode Island, and to administer oaths and affirmations, take depositions, &c., &c., appeared Orange D. Day, and Eliza H. Day his wife, the persons described in and who executed the annexed instrument (between them as one of the parties thereto, and John Kavanaugh of New York, the other party thereto), and acknowledged to me that they severally executed the said instrument voluntarily and freely, for the uses and purposes therein stated. And the said Eliza H. Day, the wife of the said Orange D. Day, on being .by me made fully acquainted with the contents of said annexed instrument, on an examination by me privately, separate and apart from her said husband, and having the same fully explained to her, she acknowledged to me and agreed on such private examination as aforesaid, that she did execute the said instrument of her own free will and accord ; subscribe, seal, deliver, and without any fear, coercion, or compulsion, or undue influence of her said husband, or from any one, or of any other person or persons whatsoever, and with an intention thereby to renounce, give up, and forever quitclaim her right of dower and thirds, and all her other interest of, into, and to the lands and tenements

therein mentioned, and that she did not wish to retract the same." The bill was brought against the said Eliza H. Day and her husband Orange D. Day, and taken *pro confesso* against the latter. The defences set up by the former are stated in the opinion of the court.

*Browne & Congdon*, for the complainant, contended, I. That the commissioner's certificate substantially contained the essential requirements of the statute and was therefore sufficient, citing *Brown* v. *Farron*, 3 Ohio, 140 ; *Connell* v. *Connell*, 6 Ohio, 353; *Raverty & Wife* v. *Fridge*, 3 McLean, 245 ; *Ranney* v. *Gordon*, 6 Humph. 345; *Owen* v. *Norris*, 5 Blackf. 479; *Dundas* v. *Hitchcock*, 12 How. 256 ; *Talbot* v. *Simpson*, Pet. C. C. 188 ; *Langhorne* v. *Hobson*, 4 Leigh, 224 ; *Vance* v. *Schuyler et al.* 1 Gilman, 160 ; *Tod* v. *Baylor*, 4 Leigh, 498 ; *Meriam* v. *Harsen*, 2 Barb. Ch. 232.

II. That the evidence introduced to contradict or vary the commissioner's certificate ought not to be received : Because, 1st. Parol evidence ought not to be received to vary the certificate ; 2d. No parol evidence can be received to contradict the certificate, unless fraud or duress be shown ; 3d. The fraud or duress must be participated in either by the commissioner or by the person claiming under the deed ; citing *Ridgely* v. *Howard et al.* 3 Har. & McH. 321 ; *Jamison* v. *Jamison*, 3 Whart. 457 ; *Schrader* v. *Decker*, 9 Pa. State, 14 ; *Hayden* v. *Westcott*, 11 Conn. 129; *Hoffman* v. *Costie*, 2 Whart. 453 ; *Jourdan* v. *Jourdan*, 9 S. & R. 268 ; *Eliott et al.* v. *Peirsol et al.* 1 Pet. 338 ; *Lessee of Watson* v. *Bailey*, 1 Binn. 470 ; *Carr* v. *Williams*, 10 Ohio, 305 ; *Silliman* v. *Cummings*, 13 Ohio, 116 ; *O'Ferrall* v. *Simplot*, 4 Iowa, 162 ; *Elwood* v. *Klock*, 13 Barb. 50; *Stone* v. *Montgomery*, 35 Miss. 83 ; *Baldwin* v. *Snowden*, 11 Ohio (N. S.), 203 ; *Greene* v. *Godfrey*, 24 Maine, 28; *McNeely* v. *Rucker*, 6 Blackf. 391 ; *Bancks* v. *Ollerton*, 26 Eng. L. & E. 508 ; *Graham* v. *Anderson*, 42 Ill. 514.

*Metcalf*, for the respondent.

DURFEE, J. This is a bill to foreclose two mortgages given to secure two bonds for $2,200 on two lots of land in East Greenwich belonging to the defendant, Eliza H. Day, by whom jointly with her husband, Orange D. Day, the other defendant, the mortgage deeds purport to have been signed. The bill was taken *pro*

*confesso* against the said Orange D. Day, and was answered by the said Eliza H. Day. The said Eliza H. Day, under her answer, resists the foreclosure on three grounds: to wit, that her signature of the mortgage deed was fraudulently procured from her by her said husband acting in collusion with the plaintiff; that the said deeds, though purporting to have been acknowledged by her privately and apart from her husband, were in fact acknowledged in his presence; and that the certificate does not show a compliance with the statute in the taking of the acknowledgment. Upon the first of these grounds, the said Eliza H. Day has submitted testimony which she claims proves the alleged fraud, and fraudulent collusion or complicity of her husband and the plaintiff. But, whatever fraudulent practice the testimony may show on the part of the said Orange D. Day, we do not think it is satisfactorily proved that the plaintiff (though as against the plaintiff the transaction is not wholly free from suspicion) was guilty of collusion or complicity with him. Upon the second of these grounds, the testimony comes from Eliza H. Day herself, who testifies that her husband did not leave her at any time with the magistrate; and from the magistrate, who testifies that the husband went out of the room and out of hearing, but that, the door not having been shut behind him, he cannot testify that he was not within sight of his wife when she was giving her acknowledgment. If this testimony were legally admissible to impeach the acknowledgment, we might not find it easy to hold that the precautions prescribed by the statute had been properly observed; but the counsel for the plaintiff contends that in the absence of any proof of fraud on the part of the plaintiff, or of the magistrate taking the acknowledgment, the acknowledgment cannot be thus impeached, and has cited several cases by which we think this view of the law is sustained. In *Jamison* v. *Jamison*, 3 Whart. 457, 469, Sargeant, J., in delivering the opinion of the court, uses the following language: " The judge or justice of the peace, in taking an acknowledgment, acts judicially, not ministerially. The law imposes upon him the duty of ascertaining by his own view and examination the truth of the matters to which he is to certify, and points out precisely his duty. Having thus intrusted him to see that the proper forms are observed, his sworn certificate that they have been observed, on the

faith of which parties act, contracts are proceeded in, moneys are paid, and deeds accepted, must (in the absence of fraud or collusion) be considered as entitled to full faith and credit; and cannot, without rendering titles to real estate exceedingly insecure, be left at any distance of time afterwards to the uncertainty and frailty of parol proof, and to all the mistakes, prejudices, imperfections, and hazards that attend it." The same doctrine is re-affirmed in *Baldwin* v. *Snowden et al.* 11 Ohio State, 203, where it is also held that the fraud of the husband alone, without the cognizance or complicity of the grantee or certifying officer, is insufficient to warrant the introduction of parol testimony. "We doubt whether a case can be found," say the court, "where the certificate of the magistrate has been allowed to be impeached, on the ground of fraud, without evidence charging the grantee with notice of the fraud, or the officer taking it with complicity therein." See also *Ridgely* v. *Howard et al.* 3 Har. & McH. 321; *McNeely* v. *Rucker*, 6 Blackf. 391; *Hartly* v. *Frost*, 6 Texas, 208; *Louden* v. *Blythe*, 16 Pa. State, 532; 27 Ibid. 22; *Graham* v. *Anderson*, 42 Ill. 514; *Stone* v. *Montgomery & Wife*, 35 Miss. 83; *Green* v. *Godfrey*, 44 Maine, 25; *Bancks* v. *Ollerton*, 26 Eng. L. & Eq. 508, 516.

In the case at bar the plaintiff was not present when the deed was acknowledged before the magistrate; and, as we have already said, the evidence is insufficient to charge him with any fraudulent collusion or complicity with the husband; and as to the magistrate we see no reason whatever to suspect him of any participation in any fraud which was (if any there was) practised on the said Eliza H. Day by her husband.

The third ground of defence is that the certificate does not show a compliance with the statute. The certificate does in our opinion expressly show a substantial compliance with the statute in every respect, except that it omits to state that the deed was shown to the said Eliza H. Day, when her acknowledgment was taken. Is this a fatal defect? It has been held in Kentucky, under a statute very similar to ours, that the certificate is not invalidated by the omission to state therein that the deed was shown and explained to the *feme covert* making the acknowledgment. *Gregory's Heirs* v. *Ford*, 5 B. Mon. 471, 481; *Nantz* v. *Bailey*, 3 Dana, 111. The ground of these decisions is, that though the statute re-

quires the officer to show and explain the deed, it does not require him to certify anything more than that the *feme*, being privily examined, made such declaration or acknowledgment as is prescribed, and that this being expressly declared by the certificate, it may be implied that the officer did his duty in showing and explaining the deed. But in the case at bar we do not feel called upon to decide whether our statute is capable of a similar construction ; for, though the certificate does not state that the deed was shown, yet we think a substantial compliance with the statute in this respect is to be inferred from what the certificate does state, and from what appears on the face of the deed. The purpose of requiring the deed to be shown is doubtless to insure its identification. Now the certificate states that this deed, described therein as " the annexed instrument," " the said instrument," and " the said annexed instrument," after being fully explained to the said Eliza H. Day, was acknowledged by her, and that she agreed " that she did execute the said instrument," &c., " and that she did not wish to retract the same." This certificate could hardly have been made by a magistrate unless he had shown the deed to the *feme covert* for identification, or knew that she had seen and identified it. But, beyond this, the deed itself shows that the magistrate who took the acknowledgment was one of the subscribing witnesses, and that the deed was executed and acknowledged the same day. This furnishes further proof, if further proof be needed, that, as between the magistrate and the said Eliza H. Day, the deed must have been perfectly identified, and that too by seeing the same. See *Carpenter* v. *Dexter*, 8 Wal. 513 ; *McIntire* v. *Ward*, 5 Binn. 296. Therefore, while we should be better satisfied if it had been certified that the deed was shown, nevertheless we think that, under the circumstances, we should not be justified in holding that the certificate of acknowledgment is fatally defective. We decide that the defence cannot be sustained upon either of the three grounds upon which it rests, and that the plaintiff shall have the decree of foreclosure for which he asks.

*Decree accordingly, referring the case to a master to compute the amount due on the mortgages.*

The case subsequently came again before the court upon the

respondent's exceptions to the master's report. The master's report found that the sums specified in the bonds to secure which the mortgages were given were to bear interest from date; that at the date of said instruments the parties to this suit were all residents of the State of New York, and that all the papers were executed in that state, although the land covered by said mortgages was in East Greenwich, R. I. The report further found that at the date of said instruments, and up to the time of said report, the legal rate of interest in the State of New York was and had been seven per cent. per annum. Upon these facts the master computed interest upon the bonds at the rate of seven per cent. per annum, and to this computation the respondent excepted.

*Metcalf*, for the respondent, in support of the exception, contended, that although the bonds and mortgages, being made in New York, would, if enforced there, carry interest at New York rates, yet the complainant having no stipulation as to interest, and choosing to resort to Rhode Island courts, could only recover what the Rhode Island statute gives him, and six per cent. interest only should be computed and allowed, citing *Ayer* v. *Tilden*, 15 Gray, 178 ; *Ives* v. *Farmers' Bank*, 2 Allen, 236 ; *Andrews* v. *Pond*, 13 Pet. 65, 78 ; *Cooper* v. *Waldegrave*, 2 Beav. 282.

*Browne & Congdon*, for the complainant, *contra*, to the point that the law of New York should govern in the computation of interest, and that the fact that the land mortgaged was situated in Rhode Island did not affect the rule, cited Story Confl. Laws, §§ 294, 295 ; *Consequa* v. *Fanning et al.* 3 John. Ch. 587 ; *Pearce* v. *Wallace*, 1 Har. & J. 48 ; *Cowqua* v. *Lauderbrun*, 1 Wash. C. C. 521 ; *Bushby* v. *Camac*, 4 Wash. C. C. 296 ; *Winthrop* v. *Carleton*, 12 Mass. 4 ; *Smith* v. *Smith*, 2 John. 235 ; *Lanusse* v. *Barker*, 3 Wheat. 101 ; *Jaffray* v. *Dennis*, 2 Wash. C. C. 253 ; *Archer* v. *Dane*, 2 W. & S. 327 ; *De Wolf* v. *Johnson et al.* 10 Wheat. 367 ; *Potter* v. *Tallman*, 35 Barb. 182 ; *Findley* v. *Hall*, 12 Ohio N. S. 610 ; *Little* v. *Riley*, 43 N. H. 109 ; *Butler* v. *Meyer*, 7 Ind. 77 ; *Lougee* v. *Washburn*, 16 N. H. 134 ; *Dolman* v. *Cook*, 14 New Jersey Eq. 56 ; *Sumner* v. *Mills*, 20 Texas, 77.

DURFEE, J. Interest upon a contract for the payment of money, where it is payable as interest by the terms of the con-

tract, is to be paid according to the law of the place where the contract is made, unless it is elsewhere to be performed. The bonds, secured by the mortgage here in suit, were made in New York, between parties resident there, and, as they make no provision for payment elsewhere, were presumably to be paid in New York. Accordingly interest on them, if payable as interest, would have to be paid at the legal rate in New York, — the fact that they are secured by a mortgage of real estate in Rhode Island being ineffectual to vary the rule. *De Wolf* v. *Johnson*, 10 Wheat. 337 ; *Lockwood* v. *Mitchell*, 7 Ohio State, 387 ; *Varick's Ex'r* v. *Crane*, 3 Green Ch. 128 ; *Dolman* v. *Cook*, 14 N. J. 56 ; *Cotheal* v. *Blydenburgh*, 1 Halst. 17 ; *Stapleton* v. *Conway*, 3 Atk. 727.

The interest, however, is payable not as interest, there being no stipulation for interest in the bonds, but as damages for the non-payment of the bonds at their maturity ; and the counsel for the defendants contends that, where interest is to be paid as damages, it is to be computed at the rate established by the law of the place where the suit is brought, and not at the rate established by the law of the place where the contract was made or to be performed. The cases cited show that such is the rule in Massachusetts. *Ayer* v. *Tilden*, 15 Gray, 178 ; *Ives* v. *Farmers' Bank*, 2 Allen, 236. The case of *Cooper* v. *Waldegrave*, 2 Beav. 282, does not show that such is the rule in England. In that case, the question was at what rate interest was payable on three bills of exchange, drawn in Paris and there accepted, but payable in London. No particular rate of interest was stated to be payable on the face of the bills. The holder of the bills, in a suit in England against the acceptor, claimed interest at six per cent., the legal rate in France. The court decided that English interest, at the rate of five per cent., should be paid. The reason given for the decision was, that interest was given as compensation for non-payment in England and for the delay suffered there, and that the law of the place where the default happened must govern the allowance of interest arising out of the default. The inference is, that if the default had happened in another place, the interest would have been allowed at the rate established by the law of such other place.

In *Gibbs* v. *Fremont*, 9 Exch. 24, a bill of exchange, on the

face of which no interest was reserved, was drawn in California upon a drawee at Washington, and protested for non-acceptance. In an action by the indorsee against the drawee, in the Court of Exchequer in England, the plaintiff recovered interest, by way of damages, at the rate of twenty-five per cent., being the rate payable in California. The question considered was whether the plaintiff should have interest at the rate current in Washington or in California, no claim even being advanced that only the much lower English rate was to be paid. The court followed the decision in *Allen* v. *Kemble*, 6 Moore P. C. 314, in which it was said that the drawer of a bill of exchange "is liable for payment of the bill, not where the bill was to be paid by the drawee, but where he, the drawer, made his contract, with such interest, damages, and costs as the law of the country where he contracted may allow." See also *Ekins* v. *East India Company*, 1 P. Wms. 395, and 1 Eq. Ca. Abr. 288 (E).

In *Pecks* v. *Mayo*, 14 Vt. 33, the defendants were sued in Vermont as indorsers of a promissory note, drawn in Canada, indorsed in Vermont, and payable in New York, at a day certain, without interest reserved. The court held that interest was recoverable as damages at the rate of seven per cent., being the New York rate, and one per cent. higher than the rate in Vermont or Canada. The ground of the decision was that the defendants had made default in New York, the view of the court differing in that respect from the view which was taken in *Gibbs* v. *Fremont*. The language used by Justice Redfield, in delivering the opinion of the court, was, that on a contract to pay money at a certain time and place, where no interest is reserved, and there is a delay of payment, "interest, by way of damages, shall be allowed according to the law of the place of payment, where the money may be supposed to have been required by the creditor for use, and where he might be supposed to have borrowed money to supply the deficiency thus occurring, and to have paid the rate of interest of that country." This view is supported by many other cases. *Foden.* v. *Sharp*, 4 Johns. 183; *Beckwith* v. *Trustees of Hartford, Providence & Fishkill Railroad*, 29 Conn. 268; *Cowqua* v. *Lauderbrun*, 1 Wash. C. C. 521; *Jaffray* v. *Dennes*, 2 Ibid. 253; *Evans* v. *White*, Hemp. 296; *Pauska* v. *Daus*, 31 Tex. 67, 73; *McAllister* v. *Smith*, 17 Ill. 328.

We think the rule which allows interest according to the law of the place where default is made, in a case where interest is recoverable as damages, is the more reasonable rule, and the rule 'which is best supported by authority ; and that, where no special rate is reserved, there is no distinction which can justly affect the rate to be recovered, between interest recoverable as interest and interest recoverable as damages.

*The exception is overruled.*