Kings General Term, Novemoer, 1849.    *McCoun, Barculo,* and *Morse,* Justices.

### ACKERT *vs.* PULTZ.

Where husband and wife execute a deed, and deposit it as an *escrow,* to be delivered on the execution of a bond and mortgage, the husband's consent to the delivery of the deed to the grantee, without a performance of the condition, will bind the wife.

EJECTMENT, tried at the Dutchess circuit in February, 1849, before Barculo, J.   On the trial it was admitted by and between the counsel for the respective parties, that Daniel Pultz died intestate, in the year 1798, leaving a widow and eight children him surviving ; that he was the owner and in the occupation of the whole of the premises described in the declaration, at the time of his death ; that his widow and children continued to own and occupy the premises until 1819 ; that the plaintiff was one of the children of the intestate ; and that her husband died in the year 1828.   Entry and ouster were also admitted, and that the widow of Daniel Pultz, the intestate, died in 1842.   The defendant proved conveyances from all the heirs of the deceased, of the premises of which he died seised, to Jacob Pultz, one of the sons ; also a conveyance from Leah Pultz, the widow of the deceased, to the said Jacob, of her dower rights or undivided third, in the premises, in which deed the heirs, including the plaintiff, together with her husband, joined; also conveyances from Jacob Pultz to the defendant Michael Pultz, of all the premises in question.   It appeared that at the time Leah Pultz, the widow, sold her dower interest in the premises, and the heirs their remainder after her life estate, to Jacob, it was agreed between the parties that he should give back a mortgage, to secure the payment of the interest upon $1431, the purchase money, to the widow, during her life, and of the principal to the heirs, at her death.   There being no blank mortgage at hand, it was further agreed that until a

Ackert *v.* Pultz.

mortgage should be executed, by Jacob, the deed should be deposited with David M. Pultz, as an escrow. It further appeared that no mortgage was ever given by Jacob; and that David M. Pultz, the depositary, subsequently gave up the deed to Jacob, at the request of Philip P. Ackert, the plaintiff's husband, and some of the other heirs. The counsel for the plaintiff objected to the evidence that the husband of the plaintiff had requested the deed to be given up; upon the ground that the wife had imposed the condition, and it being her property, that the husband could not waive it. But the court decided that the husband could consent to the delivery; and that the evidence was admissible. To which exception was taken. The judge charged the jury that it was a question to be determined by them, whether the deed of the one-third of the premises was delivered as an escrow; and if so, then whether the condition upon which it was to be delivered and become operative had ever been fulfilled; that upon this point there seemed but little question, neither party insisting or pretending that a mortgage back had ever been executed by Jacob; that if such was the condition imposed by the heirs, and it had not been performed, and the deed had been given up by David M. Pultz without their consent, the title to the one-third part was still in the plaintiff and she must recover. But it was further a question for them whether the condition originally imposed by the heirs, and upon the performance of which the deed of the one-third was to become operative, had not been waived by the husband of the plaintiff; that the consent of the husband to the delivery would bind the wife; and that if the husband of the plaintiff in his lifetime had requested or consented to the delivery of the deed, without the mortgage being given, in that event it passed the right of the plaintiff, and she could not recover in this action. To this part of the charge of his honor the judge the counsel for the plaintiff excepted.

. The jury found a verdict for the defendant, and the plaintiff moved for a new trial.

---

Drake *v.* Price.

---

*A. Wager,* for the plaintiff.

*Wm. Eno,* for the defendant.

*By the Court,* BARCULO, J.   The husband and wife (now plaintiff) executed a deed, and deposited it as an escrow, to be delivered on the execution of a certain bond and mortgage, the husband subsequently requested the holder of the deed to deliver it; waiving the performance of the condition, the execution of the mortgage.   The judge at the circuit, charged the jury, that the consent of the husband to the delivery of the deed, would bind the wife, and that if they found that he had waived the performance of the condition, and requested, and consented to, the delivery, it passed the title, and she could not recover.   The jury found for the defendant.

I think the charge was right.   The only mode by which the plaintiff could convey was the statutory mode, by signing and acknowledging in a particular form.   She having done this, had no power to make an agreement as to the escrow.   That was the act of the husband.   He had a right to waive it; and having done so, her right is gone.   The motion for a new trial must be denied.

---

SAME TERM.   *Before the same Justices.*