Scott. J.
The demurrer of the plaintiff presents the ques *210 tica: cfi the sufficiency of the answer of Mrs. Snowden, as a bar to the plaintiff’s action.
This answer denies the validity as to Mrs. Snowden, of the mortgage, the lien of which the plaintiff seeks to enforce, upon two grounds—
1. Because it was never delivered by her, and
2. Because it was obtained by imposition and in fraud of her rights.
We propose, first to consider the latter branch of the answer.
The facts which constitute the alleged fraud and imposition, are fully and minutely stated in the answer, and directly impeach the truth of the notary’s certificate of acknowledgment.
The answer does not charge the mortgagee, or his assignee, with any participation in, or knowledge of the fraud alleged to have been practiced on the respondent. Nor does it directly impugn the good faith of the notary, otherwise than by averring that he did not, as he has certified, make known to her the contents of the mortgage deed. She does not even charge her husband with any misrepresentation, or intentional deception. It is true, she says, that the fact that the instruments which she signed were mortgages, was kept entirely secret from her, but this, when taken in connection with the facts stated, can not be understood as importing more than an averment, that she was not informed of their character. She complains of no artifice, no act done, or word spoken, either by her husband or the notary, calculated to deceive her. Her allegations of fraud are evidently a mere inference, which she draws from the facts stated. And yet those facts are entirely consistent with honesty of purpose, both on the part of the notary and her husband. When asked, by her husband, to sign the papers which had been prepared for the purpose, she did so without question or hesitation. She did so, because she had full confidence in her husband. If, in the fullness of conjugal affection, she was willing to abide by the judgment, and conform to the wishes ■of her husband, without asking any questions, it would seem *211 unreasonable that she should now seek to relieve herself from the consequences of that confidence, at the expense of others who were less confiding, and guilty of no fault. Her ready compliance with her husband’s wishes in signing the mortgage in the notary’s presence, without inquiry or objection, would naturally impress him with the conviction that she was fully apprised of the contents of the instrument which she was executing. Under such circumstances, the averments of the answer can not be understood as importing a charge of intentional or actual fraud, on the part of the notary. How soon after the execution of the mortgage, she learned its true character, is not shown by the answer; but it may be fairly presumed, in the absence of any averment to the contrary, that under the influence of the caution given by her mother, who witnessed its execution, she soon made the proper inquiries, and was fully informed as to what she had done. Yet no intimation appears to have been given of any dissatisfaction, on her part, until her husband had obtained the full benefit of the time given by his creditors, on the faith of the mortgage, and they, thereupon, proceeded to enforce their lien. But, be this as it may, and supposing her husband to have been guilty of fraud, in not disclosing to her the character and effect of the deed which she signed without inquiry, yet the notary is charged with no complicity in this fraud, or with any intentional deception. And there is no suggestion that the mortgagee was in any way privy to, or cognizant of any imposition. Can she, under these circumstances, impeach the certificate of the officer ? If so, then such certificate is, at most, but prima facie evidence of the facts which it purports to verify. But this, we think, would contravene the policy of the law. The title to real estate would generally be insecure, if the official certificate of a magistrate, authorized by statute to examine, as to the execution of a deed, and to certify the acknowledgment of the grantors, could not be relied on as conclusive. The certificate of acknowledgment is an essential part of the conveyance, and without it the title can not pass. And we think it can no more be contradicted by parol, than any other part of the deed. It is true, *212 the deed may be impeached and set aside for fraud. But that fraud must be something more than a breach of the confidence reposed by one of the grantors in the other. Where the grantee does not participate in the fraud, and is not cognizant of it, nor of any circumstances which would put an honest and prudent man upon inquiry, and has acted on the faith of the conveyance, we apprehend it can not be set aside on the ground of fraud. Thus in Schrader v. Decker, 9 Barr 14, it was held that “ the acknowledgment of a deed, by husband and wife, for the wife’s land, may be shown to have been obtained by fraud and duress of the wife, and thus avoided as to volunteers, or purchasers with notice, aliter as to Iona fide purchasers without notice.” So, in Louden v. Blythe, 16 Penn. Rep. 532, and 27 Penn. Rep. 22, where it was held that “the certificate of the magistrate is conclusive in favor of one who accepted it in good faith, and paid his money, without knowing or having reason to suspect it to be untrue. But, that if the certificate be false in fact, and the mortgagee knew it, or knew of circumstances which would put an honest and prudent man upon inquiry, then it may be contradicted by parol evidence.” In the case last cited, the mortgage was set aside, not simply because the magistrate taking the acknowledgment knew that the wife’s acknowledgment was induced by undue influence, on the part of the husband, but because the mortgagee was also present, and knew enough to put him upon inquiry. In Hartley v. Frosh, 6 Tex. 208, it is said that “ where the certificate of the privy examination of a married woman is in due form, in order to impeach its veracity, it is not sufficient to allege that there was no privy examination, that the contents were not made known to her, etc.; the certificate is conclusive in the absence of an allegation of fraud or imposition — as, for instance, that there was a fraudulent combination between the notary' and the parties interested.” We doubt whether a case can be found where the certificate of the magistrate has been allowed to-be impeached, on the ground of fraud, without evidence charging the grantee with notice of the fraud, or the officer taking it with complicity therein.
*213 We are satisfied, therefore, that the facts stated in the ■answer in this case would not warrant the introduction of .parol evidence to contradict the certificate of the notary.
But the respondent further avers that she never delivered, ■nor authorized her husband to deliver the mortgage deed, upon which suit is brought. She does not deny the fact that it was signed and sealed by her; nor that it was delivered by her husband; and if she is conclusively bound by the •certificate of acknowledgment, which shows her knowledge ■of its contents, and the purpose for which it was intended; and if, with this knowledge, she permitted her husband, without objection or inquiry, to take and use it according to his own judgment, then she has no right to complain that he delivered it in accordance with its terms and manifest purpose. Under such circumstances, a delivery by him must bind her, as well as himself. The grantee may properly regard her. •execution and acknowledgment of the instrument as evidence of her consent to its delivery; and if, without notice of her dissent, it is delivered by the husband, she can not afterward be -permitted to question his right to do so, without allowing a fraud to be practiced against the grantee. Were it otherwise, a large majority .of all the deeds executed by husband .and wife, within this State, have never been delivered by the wife, and would not bind her.
It is quite true that a deed of conveyance is inoperative till delivered, and that if a conveyance of the wife’s land, executed by husband and wife, be not delivered till after the wife’s death, when her estate is vested in her heirs, their estate can not then be divested by a delivery by the husband, without their consent. Such is the doctrine of the case of Shoenberger v. Zook et ux. 34 Penn. Rep. 24, cited by counsel. That decision was, no doubt, correct, but does not touch the present case. One much more nearly in point, is that of Ackert v. Pultz, 7 Barb. 386, in which it was held that, “ where husband and wife execute a deed, and deposit it as an escrow, to be delivered on the execution of a bond and mortgage, the husband’s consent to the delivery of the deed to *214 the grantee without a performance of the condition will bind the wife.”
Many authorities might be referred to, bearing more or less directly on the several defenses set up in this answer, and sustaining the views we have expressed. 17 Alabama Rep. 89; James v. Fisk, 9 Sm. & Mar. 145; Aiken et al. v. Morris, 2 Barb. C. R. 140; Jamison v. Jamison, 3 Wharton, 469; McNeely v. Rucker, 6 Blackf. 391.
We think that the demurrer to the answer must be sustained, and the case remanded to the district court for further proceedings.
Brinkerhoee, C.J., and Sutliee, Peck, and Gholson, JJ. concurred.